FILED

FEB 9 - 2017

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § | No. 4:16CR176 |
| | § | Judge Crone |
| CHARLES NORMAN MORGAN (1) | § | |
| a.k.a. "Chuck" | § | |
| BIBIANA CORREA PEREA (2) | § | |
| a.k.a. "Bibi" | § | |
| JAMES MORRIS BALAGIA (3) | § | |
| a.k.a. "DWI Dude" | § | |

## SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to Commit Money Laundering)

Beginning in or about 2014, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Superseding Indictment, in the Eastern District of Texas and elsewhere, **Charles Norman Morgan** a.k.a. "Chuck," **Bibiana Correa Perea** a.k.a. "Bibi," and **James Morris Balagia** a.k.a. "DWI Dude," the defendants herein, did knowingly, willfully and unlawfully conspire and agree together with other persons known and unknown to the Grand Jury, to:

(a) conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and to transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds represented by a law enforcement officer to be

the proceeds of a specified unlawful activity to wit: distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance or substances from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of the specified unlawful activity and believing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds and that while conducting and attempting to conduct such financial transactions, the defendant believed that the property involved in the financial transactions, that is, United States currency, represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §1956(a)(3);

(b) conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and to transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States, which involved the proceeds of a specified unlawful activity, to wit: distribution or conspiracy to distribute or possess with the intent to distribute a controlled substance or substances with the intent to promote the carrying on of the specified unlawful activity and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions, that is, United

States currency, represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§1956(a)(1)(A)(i), (a)(1)(B)(i) and (a)(2)(A), (a)(2)(B)(i); and,

(c) engage, or attempt to engage, in a monetary transaction in an amount greater than $10,000 by, though, or to a financial institution with proceeds of a specified unlawful activity, that is, conspiracy to distribute or possess with the intent to distribute a controlled substance or substances in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. § 1956(h).

### Count Two

Violation:   18 U.S.C. §§ 1503 and 2
(Obstruction of Justice and
Aiding and Abetting)

Beginning in or about 2014, the exact date unknown to the Grand Jury, and continuing thereafter up to and including the date of the filing of this Superseding Indictment, in the Eastern District of Texas and elsewhere, **Charles Norman Morgan** a.k.a. "Chuck," **Bibiana Correa Perea** a.k.a. "Bibi," and **James Morris Balagia** a.k.a. "DWI Dude," the defendants herein, aided and abetted by each other, did knowingly, intentionally and corruptly endeavor to influence, obstruct and impede the due administration of justice in *United States v. Segundo Villota-Segura and Aldemar Villota-Segura, et al.*, in the Eastern District of Texas by promising defendants they could influence government officials to help them in their case.

In violation of 18 U.S.C. §§ 1503 and 2.

Superseding Indictment
Page 1

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Criminal Forfeiture Pursuant to 18 U.S.C. §§ 982(a)(1) and 981(a)(1)(c) by 28 U.S.C. § 2461

As a result of committing the offenses charged in this Superseding Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in a violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1503, including, but not limited to, the following:

**Cash Proceeds**:

Approximately $1,500,000.00 in proceeds in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offenses alleged in this Superseding Indictment.

**Real Property**:

PROPERTY 1
Property Address: 15612 Littig Road, Manor, Texas 78653
Legal Description: Abstract 154, Survey 52, Caldwell A.C. Acres 1.59
County: Travis
Parcel Number: 442432

PROPERTY 2

Property Address: 310 Murray Avenue, Manor, Texas 78653
Legal Description: Lot 6 and 7, Block 2 A.E. Lane Addition to the City of Manor, Travis County, Texas

All such proceeds and/or instrumentalities are subject to forfeiture by the government.

**Substitute Assets**

Moreover, if, as a result of any act or omission of any defendant, any property subject to forfeiture:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third person;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

The United States intends to seek forfeiture of any other property of each defendant up to the value of the forfeitable property, including but not limited to all property, both real and personal owned by each defendant. As a result of the commission of the offenses alleged in this Superseding Indictment, any and all interest that each defendant has in any such property is vested in and forfeited to the United States.

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____    2-9-17
HEATHER HARRIS RATTAN       Date
Assistant United States Attorney

Superseding Indictment
Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | |
| v. | § | No. 4:16CR176 |
| | § | Judge Crone |
| CHARLES NORMAN MORGAN (1) | § | |
| a.k.a. "Chuck" | § | |
| BIBIANA CORREA PEREA (2) | § | |
| a.k.a. "Bibi" | § | |
| JAMES MORRIS BALAGIA (3) | § | |
| a.k.a. "DWI Dude" | § | |

## NOTICE OF PENALTY

### Count One

Violation:    18 U.S.C. § 1956(h)

Penalty:      Imprisonment for not more than twenty (20) years, a fine not to exceed $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, or both. A term of supervised release of at least three (3) years.

Special Assessment:    $100.00

### Count Two

Violation:    18 U.S.C. §§ 1503 and 2

Penalty:      Imprisonment for not more than ten (10) years, a fine not to exceed $250,000.00 or twice the value of the property involved in the transaction, whichever is greater, or both. A term of supervised release of not more than three (3) years.

Special Assessment:    $100.00