IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR176 |
| | § | Judge Crone |
| JAMES MORRIS BALAGIA (3) | § | |
| a.k.a. "DWI Dude" | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY**

**INTRODUCTION**

The defendant, James Balagia, is an attorney whose clients have included foreign narcotics traffickers facing indictment in the United States. The government's case focuses on the defendant and co-defendant Charles Morgan soliciting payments from clients for the purported purpose of bribing United States government officials to obtain favorable outcomes in pending indictments and knowingly accepting narcotics proceeds as payment for legal representation. On May 10, 2018, the United States Grand Jury charged the defendant in a Third Superseding Indictment with the following: conspiracy to commit money laundering; obstruction of justice and aiding and abetting; conspiracy and attempt to violate the Kingpin Act; conspiracy to commit wire fraud; and conspiracy to obstruct justice.

The defendant has filed a motion to compel discovery (Dkt. No. 200). In his motion to compel discovery, the defendant requests:

(1) Telephone records for HSI Special Agent ("SA") David Malone;

  (2) Co-defendant Charles Morgan's HSI file and any notes taken by SA David Malone;

  (3) Co-defendant Charles Morgan's CIA file;

  (4) Co-defendant Charles Morgan's FBI file, specifically including his activities related to "Coinroll;"

  (5) Records of allegations made against Ruben Oliva in the Eastern District of New York and the investigation of those allegations;

  (6) Records of allegations made against Nury Lopez in Dallas, Texas and Colombia and the investigation of those allegations;

  (7) Henry Jack Pytel, Jr.'s informant file from any agency he has worked with for the previous twenty years, whether such work was done as a confidential source, confidential informant, core collector or any other such role and any of HSI SA David Malone's notes relating to Henry Jack Pytel, Jr.;

  (8) Official La Picota prison visit records for all visitors to Segundo Villota-Segura, Aldemar Vilota-Segura and Hermes Casanova Ordonez.

## LEGAL STANDARD

Production of materials to a defendant in a federal criminal case is governed by Rules 16 and 17 of the Federal Rules of Criminal Procedure, the Jenck's Act and *Brady v. Maryland*, 373 U.S. 83 (1963). Neither the Rules of Criminal Procedure, the Jenck's Act nor *Brady* allows for a general fishing expedition by a defendant in search of information.

Under Rule 16 of the Federal Rules of Criminal Procedure, a defendant is entitled to materials in the possession of the government "which are material to the preparation of the defendant's defense." Fed. Rule Crim. Proc. 16(a)(1)(C). In the context of Rule 16, "the defendant's defense" means only the defendant's response to the government's case-in-chief— items or information "which refute the Government's arguments that the defendant

committed the crime charged"—and not merely a claim "challenging the prosecution's conduct of the case." *United States v. Armstrong*, 517 U.S. 456, 461-62 (1996). Fed. Rule Crim. Proc. 16(a)(1)(C). Rule 16 applies to items "within the government's possession, custody, or control," that are "material to preparing the defense." Fed. Rule Crim. Proc. 16(a)(1)(E)(i). The government's possession depends on whether "the prosecution has knowledge of and access to" the files. *United States v. Santiago*, 46 F.3d 894 (9th Cir. 1995).

Under Rule 17 of the Federal Rules of Criminal Procedure, the government or the defendant may subpoena information. Fed. Rule Crim. Proc. 17. However, to require production prior to trial, the moving party must show, among other things, that the documents are evidentiary and relevant, and that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699 (1974). Specifically, the moving party must show that (1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity. *Id.* at 700.

The Jenck's Act [18 U.S.C. §3500] governs demands for production of statements and reports of witnesses. However, no fishing expeditions are authorized under the Jenck's Act. *United States v. Graves*, 428 F.2d 196, 198 (5th Cir. 1970).

Finally, the defendant is entitled to any evidence favorable to the defendant "where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. 83 (1963). *Brady* includes impeachment evidence. *United States v. Giglio*, 405 U.S. 150 (1972). While the

government has an affirmative constitutional duty under *Brady* to supply a defendant with exculpatory material known to it or in its possession, a court is not required to ensure a criminal defendant has access to all government material in order that the defendant may engage in a fishing expedition to find something potentially helpful for his case. *United States v. Davis*, 752 F.2d 963, 975-76 (5th Cir. 1985). A criminal defendant is not entitled to disclosure of materials based on the "mere possibility" or on "bare speculation" that those materials might include *Brady* material. *United States v. Stanford*, 823 F.3d 814, 841-42 (5th Cir. 2016). The government is not obligated to seek out information not in its possession, or undergo a fishing expedition in an effort to find evidence. *United States v. Morris*, 80 F.3d 1151 (7th Cir. 1996). A district court is not obligated to permit a fishing expedition. *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992).

## DEFENDANT'S DISCOVERY REQUESTS

**(1)   Telephone records for HSI SA David Malone.**

The defendant requests telephone records for HSI SA David Malone.

The government has complied with this request. The government provided the following: (1) an FBI report (a "302") by FBI SA Jason Rennie regarding the telephone phone records associated with HSI SA David Malone and co-defendant Morgan; (2) the toll records of the phone number associated with SA Malone (the number has a split subscriber between HSI and SA Malone); and, (3) the toll records of the phone number associated with co-defendant Morgan. The dates of the phone records the government was able to obtain were limited based upon phone company retention periods. The government

has provided in discovery all records it was able to obtain. If there is confusion, please contact the AUSA to resolve this issue.

**(2) Co-defendant Charles Morgan's HSI file and any notes taken by SA David Malone.**

The defendant requests co-defendant Charles Morgan's HSI file and any notes taken by HSI SA David Malone. The government has reviewed Morgan's HSI file and taken detailed notes. Counsel for the defendant will be permitted to review the government's notes. Additionally, the government asked SA Malone to provide any notes related to co-defendant Morgan. SA Malone stated he does not have any notes regarding Morgan.

**(3)     Co-defendant Charles Morgan's CIA file.**

The defendant requests co-defendant Morgan's CIA file.  In support of this request, the defendant says that his investigation has revealed that Morgan has "in the past worked (and may still currently be working) for the CIA in various capacities starting with piloting aircraft for the CIA in Vietnam and then leading to bringing potential clients to lawyers with a goal of having the clients cooperate with the government." (Dkt. No. 200, p. 2).

The government objects to this request. The government has no information that Morgan was involved with the CIA nor that the CIA was involved in any way involved in this case. The government is not obligated to undergo a fishing expedition in an effort to find evidence. *United States v. Morris*, 80 F.3d 1151 (7th Cir. 1996). In *Morris*, the court upheld the district court's ruling that *Brady* did not require the government to seek out allegedly exculpatory information in the hands other federal agencies (the Office of Thrift Supervision, the Securities and Exchange Commission or the Internal Revenue Service)

when it had been unaware of the existence of that information. *Id.* at 1169. The court noted that because "none of those agencies were part of the team that investigated this case or participated in its prosecution, the district court would not impute their knowledge of potentially exculpatory information to the present prosecutors." *Id.* The CIA was not involved in the investigation of this case. The lead investigative agency on charges against the defendant is the FBI. The government has no information that the CIA is in any way involved with co-defendant Morgan or in this case.

**(4) Co-defendant Charles Morgan's FBI file, specifically including his activities related to "Coinroll."**

The defendant requests co-defendant Morgan's FBI file, including his activities related to "Coinroll." The defendant states "it is known that Charles Morgan was involved with Operation Coinroll." (Dkt. No. 200, p. 3). To support this conclusion, the defendant references an FBI document provided by the government in discovery which says that Morgan was referenced in regard to identity as "Coinroll." There is no indication that Morgan was ever involved in any operation by the name of "Coinroll." Rather, the document says that Morgan went by the name of "Coinroll." The government has reviewed Morgan's FBI file and taken detailed notes. Counsel for the defendant will be permitted to review the government's notes.

**(5)    Records of allegations made against Ruben Oliva in the Eastern District of New York and the investigation of those allegations.**

The defendant requests records of allegations made against Ruben Oliva in the Eastern District of New York.  The government objects to this request. The defendant states

that attorney Ruben Oliva "contacted the government concerning… allegations that form the basis of the government's charges against" the defendant. (Dkt. No. 200, p. 4). The defendant states that Oliva has made similar, unfounded claims against other attorneys in the Southern District of New York in an effort to receive sentence reductions for his clients. (Dkt. No. 200, p. 4). Therefore, the defendant requests information, including any investigation and results, related to Oliva making allegations against other attorneys. (Dkt. No. 200, p. 4). This is insufficient factual detail to demonstrate that the information regarding Oliva, even if it existed, would be relevant in this case.

The government has no information about allegations made against or investigations of attorney Ruben Oliva in the Eastern District of New York. Although the government objects to this request, even if the government were to attempt to comply, the request is overly broad. The defendant has not provided information to assist in obtaining any information. The defendant has not provided the names of any defendants, the court, the judge, the Assistant United States Attorney, the officers or agents, nor a time frame to guide any search for information. Again, the government is not obligated to undergo a fishing expedition in an effort to find evidence.

**(6)    Records of allegations made against Nury Lopez in Dallas, Texas and Colombia and the investigation of those allegations.**

The defendant requests records of allegations made against Nury Lopez in Dallas, Texas and Colombia and the investigation of those allegations. The government objects to this request. The request is overly broad in that it states "allegations" without specifying the type or providing any details. Regardless, the government has no U.S. government or

Colombian government reports related to allegations made against or investigations of Nury Lopez. The defendant has not provided information to assist in obtaining any information. The defendant has not provided the names of any defendants, the court, the judge, the Assistant United States Attorney, the officers or agents, nor a time frame to guide any search for information. Additionally, any records or reports in Colombia are outside the scope of discovery. Again, the government is not obligated to undergo a fishing expedition in an effort to find evidence.

**(7) Henry Jack Pytel, Jr.'s informant file from any agency he has worked with for the previous twenty years, whether such work was done as a confidential source, confidential informant, core collector or any other such role and any of HSI SA David Malone's notes relating to Henry Jack Pytel, Jr.**

The defendant requests Henry Jack Pytel, Jr.'s informant file from any agency he has worked with for the previous twenty years and any of HSI SA David Malone's notes relating to Henry Jack Pytel, Jr. The government objects to this request. The request is overly broad ("any agency" over "twenty years") and is based only on speculation. The government is not obligated to undergo a fishing expedition in an effort to find evidence.

**(8) Official La Picota prison visit records for all visitors to Segundo Villota-Segura, Aldemar Vilota-Segura and Hermes Casanova Ordonez.**

The defendant requests Official La Picota prison visit records for all visitors to Segundo Villota-Segura, Aldemar Vilota-Segura and Hermes Casanova Ordonez. The defendant acknowledges he was provided "a list of records from La Pikota (sic) prison of those lawyers who visited Aldemar, Segundo and Hermes Casanova Ordonez." (Dkt. No. 200, p. 5). The defendant says "records of other persons, including family, friend, legal

assistant, investigator, etc. have not been provided." (Dkt. No. 200, p. 5). The defendant speculates that other people who visited "may be able to impeach statements…." (Dkt. No. 200, p. 5). Those records, if they exist at all, are within the care custody and control of a foreign entity and are not in the possession of the government. The government requested the La Picota prison records and has provided everything received in response to the request to the defendant. This request is based upon conjecture and does not support an order to compel.

## CONCLUSION

In this case, the government has gone well beyond its discovery obligations. Nothing but speculation backs up the claim that the defendant is entitled to the additional listed items. Conjecture falls short of facts indicating that the information would be relevant and admissible. The broad scope of what the defendant has received in discovery and the government's efforts to go above and beyond what is required demonstrate that the government is attempting to assist the defendant with his requests.

The government respectfully requests this Court deny the defendant's motion.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

/s/
HEATHER HARRIS RATTAN
Assistant United States Attorney
Texas Bar No. 16581050
101 East Park Blvd., Suite 500
Plano, Texas 75074
Phone (972) 509-1201

## CERTIFICATE OF SERVICE

This is to certify that on November 19, 2018, I filed this document with the Clerk using the CM/ECF filing system.

/s/
Heather Rattan