IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CR-0176-MAC-CAN |
| | § | |
| JAMES MORRIS BALAGIA (3) | § | |

**ORDER REGARDING MOTION FOR RULE 15 DEPOSITIONS
OF FOREIGN-BASED WITNESSES**

Pending before the Court is Defendant's "Motion for Rule 15 Depositions of Foreign Witnesses" ("Rule 15 Motion") [Dkt. 198]. Therein, Defendant moves under Federal Rule of Criminal Procedure 15 for an order authorizing depositions of eight (8) foreign-based witnesses—Nury Lopez, Segundo Segura, Natalia Paris, Carlos Ramon Zapata, an unnamed individual at La Pikota prison, Kimberly Londono Casanova, Diane Londono, and Juan Trivi [Dkt. 198 at 7]. The Government opposes the relief sought [Dkt. 199]. Having reviewed the Rule 15 Motion, the Government's Response, and all other relevant filings, the Court finds that the relief requested in Defendant's Motion should be **DENIED** for the reasons set forth below.

**BACKGROUND**

On May 10, 2018, through a Third Superseding Indictment, Defendant was charged in five counts with: (1) conspiracy to commit money laundering (18 U.S.C. § 1956 (h)); (2) obstruction of justice and aiding and abetting (18 U.S.C. § 1503); (3) conspiracy, endeavor, and attempt to violate the Kingpin Act (21 U.S.C. § 1904(c)(2)); (4) conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 (18 U.S.C. § 1349); and (5) conspiracy to obstruct justice (18 U.S.C. § 371) [*see generally* Dkt. 176]. The basis of each of these charges stems from criminal matters on which Defendant was the retained attorney for criminal defendants who are Columbian citizens. The Third Superseding Indictment specifies, in part, that:

> Defendant James Morris Balagia a.k.a. "DWI Dude," personally and working in conjunction with. . . co-conspirators both known and unknown to the United States Grand Jury, communicated to [foreign individuals] that, in exchange for payments in United States Currency from [such foreign individuals], payments would be made to corrupt officials in the United States in order to gain favorable action in pending federal indictments against [those foreign individuals].

[Dkt. 176 at 8]. The Third Superseding Indictment delineates multiple overt or representative acts of the conspiracy alleged to have occurred in Colombia and the United States [*see generally* Dkt. 176]. On October 16, 2018, Defendant filed the instant motion seeking authorization to take foreign depositions of eight (8) individuals residing in Colombia whom Defendant alleges "are critical" to Defendant's ability to present a complete defense at trial [Dkt. 198 at 1-2]. On October 29, 2018, the Government filed its response opposing Defendant's Rule 15 Motion on the basis that Defendant has failed to show that: (1) the witnesses are unavailable to testify at trial; and (2) the materiality of their anticipated testimony [Dkt. 199 at 2].[1]

## LEGAL STANDARD

Federal Rule of Criminal Procedure 15(a) provides, in pertinent part, that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial" and that "[t]he court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "District courts have broad discretion to grant or refuse a Rule 15(a) motion, and they should review these motions on a case-by-case basis, examining whether the particular characteristics of each case constitute 'exceptional circumstances.' The words 'exceptional circumstances' bespeak that only in extraordinary cases will depositions be compelled." *United States v. Lucas*, 516 F.3d 316, 348 (5th Cir. 2008) (quoting *United States v.*

---

[1] The Government additionally posits that "[D]efendant fails to consider issues such as self-incrimination, the admissibility of this testimony, and the undue delay and expense caused by these depositions" as further reason to deny Defendant's request [Dkt. 199 at 2].

*Dillman*, 15 F.3d 384, 389 (5th Cir. 1994)) (internal quotation marks omitted); see also *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) ("Depositions generally are disfavored in criminal cases. Their 'only authorized purpose is to preserve evidence, not to afford discovery.' In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored.") (quoting *Simon v. United States*, 644 F.2d 490, 498 n.12 (5th Cir. 1981) (internal citations and footnote omitted)).

It is settled that "[i]n analyzing whether the circumstances are sufficiently exceptional, a court may consider whether (1) the witness is unavailable, (2) injustice will otherwise result without the material testimony that the deposition could provide, and (3) countervailing factors [that] would make the deposition unjust to the nonmoving party." *Hansman v. United States*, EP-11-CV-407-KC; EP-08-CR-1908-KC-1, 2013 WL 12349558, at *3 (W.D. Tex. Apr. 30, 2013); *see also United States v. Sledziejowski*, No. 3:16-cr-101-B, 2018 WL 1757777, at *5 (N.D. Tex. Apr. 12, 2018) (holding that "Rule 15 permits a deposition only if the witness is unavailable to testify at trial") (quoting *United States v. Ordonez*, 242 F. Supp. 3d 466,473 (E.D. Va. 2017); *see also United States v. Guild*, No. 1:07cr404 (JCC), 2008 WL 134562, at *2 (E.D. Va. Jan. 9, 2008) ("In general, courts 'require a party seeking a deposition to establish both that the witness' testimony is material and that the witness will likely be unavailable to testify at trial.'") (quoting *United States v. Hajbeh*, 284 F. Supp. 2d 380, 384 (E.D. Va. 2003). To reiterate, given this standard and the Rule's explicit reference to exceptional circumstances, Rule 15(a) depositions are appropriately granted only in rare circumstances.

## AVAILABILITY ANALYSIS

"A potential witness is unavailable for purposes of Rule 15(a). . . whenever a substantial likelihood exists that the proposed deponent will not testify at trial." *Drogoul*, 1 F.3d at 1553. At

present, Defendant has not carried his burden to show that each witness is unavailable. *United States v. O'Keefe*, 509 F. Supp. 2d 33, 35 (D.D.C. 2007) (party seeking deposition in criminal case bears the burden of demonstrating that exceptional circumstances necessitate preservation of testimony through deposition).

For seven (7) of Defendant's "critical" witnesses, Defendant does not allege that they have refused or are otherwise unwilling to travel to the United States to testify; nor does Defendant indicate that any effort was made to procure their attendance. Indeed, as to Nury Lopez, Natalia Paris, Carlos Ramon Zapata, an unnamed individual at La Pikota prison, Kimberly Londono Casanova, Diane Londono, and Juan Trivi, Defendant states only that these individuals are Colombian nationals outside the subpoena power of the United States. This alone does not demonstrate their unavailability. Merely alleging that a witness is a foreign national is not enough to justify a Rule 15 deposition. *See United States v. Black Elk Energy Offshore, LLC*, Criminal Action No: 15-197, 2016 WL 10704432, at *3 (E.D. La. Aug. 19, 2016) (finding that "a witness being a foreign national [does not] create[] an exceptional circumstance *per se* which would warrant a Rule 15(a) deposition"); *see also United States v. Korogodsky*, 4 F. Supp. 2d 262, 266 (S.D.N.Y. 1998) (finding that witnesses were not unavailable where "[d]efendant has made no representation that the potential deponents are unwilling to testify at trial."). Accordingly, Defendant has failed to demonstrate these witnesses' unavailability.

With respect to the remaining witness, Segundo Segura, Defendant asserts that such witness refuses to travel to the United States [Dkt. 198 at 2]. At present, however, Defendant also has not persuasively demonstrated that this witness is unavailable. Defendant has provided no affidavits, declarations, or any other evidentiary support that Segundo Segura would be unavailable to testify at trial. *See Guild*, 2008 WL 134562, at *3 (finding that merely alleging

unavailability, in absence of affidavits, court statements, statements from potential deponents delineating their inability to testify at trial, or any other evidentiary support, is not sufficient to persuasively demonstrate that a foreign witness is unavailable); *United States v. Milian-Rodriquez*, 828 F.2d 679, 685-86 (11th Cir. 1987) (holding that defendant failed to demonstrate sufficient exceptional circumstances to warrant the use of 15(a) depositions where defendant's motions did not include any supporting affidavits, among other reasons); *see also United States v. Sanford, Ltd.*, 860 F. Supp. 2d 1, at 5-8 (D.D.C. 2012) (finding that defendants demonstrated that foreign witnesses were unavailable where the foreign witnesses' declarations were provided to the court indicating that they would not come to the United States to testify at trial). Accordingly, Defendant has also failed to demonstrate this witness is unavailable for trial. [2]

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Rule 15 Depositions of Foreign Witnesses [Dkt. 198] is **DENIED** without prejudice.

**IT IS SO ORDERED**.
**SIGNED this 7th day of December, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Defendant has not carried his burden of showing that these witnesses are unavailable for trial, the Court need not reach the question of the materiality of their testimony. *See e.g.*, *United States v. Ismaili*, 828 F.2d 153, 160 (3rd Cir. 1987) (declining to discuss the materiality of testimony by Moroccan witnesses because it was within the court's discretion to deny the Rule 15 motion based on defendant's failure to show the Moroccan witnesses' unavailability).