# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | **CRIMINAL ACTION NO.** |
| **Plaintiff,** | § | |
| | § | **4:16-CR-176** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **JAMES MORRIS BALAGIA,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S MOTION TO FOR PRODUCTION OF INFORMATION

James Morris Balagia, by and through the undersigned counsel, respectfully moves this court to enter an order requiring the Bureau of Prisons to provide documentation regarding incarceration dates and visitor information for certain prisoners, which information is exculpatory and material evidence. In support of the motion, Mr. Balagia states:

1.   Defendant Balagia has been charged by the United States Attorney's Office for the Eastern District of Texas with conspiracy to commit money laundering; obstruction of justice and aiding and abetting; conspiring, endeavoring, and attempting to violate the Kingpin Act; conspiracy to commit wire fraud in violation of 18 U.S.C. §1343; and conspiracy to obstruct justice.  The basis of each of these allegations stems from criminal matters on which Defendant Balagia was the attorney for the criminal defendants who are Colombian citizens; specifically, *United States v. Hermes Casanova Ordonez, a.k.a. "Megatron"*, criminal number 4:13-cr-38; *United States v. Segundo Villota-Segura*, criminal number 4:13-cr-38; and *United States v. Aldemar Villota-Segura*, criminal number 4:13-cr-38.

2. The government has alleged that Defendant Balagia, in concert with Charles Norman Morgan (26740-078) and Bibiana Correa Perea (27160-078) obstructed justice by bribing and/or attempting to bribe certain government officials. The government makes this claim based upon alleged statements made by Aldemar Villota Segura (02413-104) and Hermes Aliro Casanova Ordonez (26386-078).

3. Relevant to Defendant Balagia's defense is whether the alleged co-conspirators Charles Morgan and Bibiana Correa Perea had contact with any of the same individuals as Aldemar Villota Segura and Hermes Aliro Casanova Ordonez. If they did, those individuals may be involved in a bribery scheme, if a bribery scheme even exists. Those individuals may also be responsible for framing Defendant, who is completely unaware of any bribery scheme.

4. Additionally, defense counsel's investigation leads defense counsel to believe that the only "scheme" is a government scheme that dates back more than fifty years. To prove this, defense counsel needs visitation records for Orlando Sanchez-Cristancho (60709-004).

5. Therefore, defense counsel subpoenaed the Bureau of Prisons to provide the dates of incarceration and the visitor logs for each of the following individuals:

   a. Charles Norman Morgan (26740-078);

   b. Bibiana Correa Perea (27160-078);

   c. Aldemar Villota Segura (02413-104);

   d. Hermes Aliro Casanova Ordonez (26386-078); and

   e. Orlando Sanchez-Cristancho (60709-004).

6.  The Bureau of Prisons advised defense counsel that the requested documentation is protected by 5 U.S.C.A. §552a.  As such, it requires a Court Order to produce the documentation.

7.  Under 5 U.S.C.A. §552a(b), government agencies can release information about individuals only under certain circumstances, such as a court order.  5 U.S.C.A. § 552a(b)(11) (West 1977).

8.  Requests for such a court order "should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure." *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987); *Perry v. State Farm Fire & Casualty Co.*, 734 F.2d 1441, 1447 (11th Cir.1984), *cert. denied*, 469 U.S. 1108 (1985)).

9.  In this matter, the need for disclosure far outweighs any potential harm to the subjects of the disclosure.

10. Defendant needs these documents to provide a complete defense against the allegations.

11. The release of information regarding who visited each of the above-named individuals while they were incarcerated and the dates of their incarceration will have no effect on the individuals whatsoever.

12. The government's attorney agrees that such documents are relevant to Defendant's defense.

13. For the reasons set forth above, Mr. Balagia respectfully requests the Court to enter an Order requiring the Bureau of Prisons to provide Defendant with the dates of incarceration and a complete log of each person who visited with each of the following individuals:

a. Charles Norman Morgan (26740-078);

b. Bibiana Correa Perea (27160-078);

c. Aldemar Villota Segura (02413-104);

d. Hermes Aliro Casanova Ordonez (26386-078); and

e. Orlando Sanchez-Cristancho (60709-004).


Respectfully submitted,


/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman (TBN 06739550)
Norman Silverman (TBN 00792207)
Silverman Law Group
501 N. IH-35
Austin, TX 78702
512-485-3003
Fax: 512-597-1658
daphnesilverman@gmail.com


## CERTIFICATION BY DAPHNE SILVERMAN

I am an attorney licensed to practice in the State of Texas. I have been retained by Defendant James Balagia to represent him in this matter, and have been personally involved in the defense investigation. I have personal knowledge of the facts set forth above regarding the defense investigation. I hereby certify that those facts set forth herein are accurate and complete to the best of my knowledge.


/s/ Daphne Pattison Silverman
Daphne Pattison Silverman

**Certificate of Service**

I certify that on January 9, 2019 this document was filed with the Clerk of the Court using the electronic case filing system that automatically sends notice of electronic filing to the attorneys of record who have consented to accept such service.

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman


**Certificate of Conference**

I, Daphne Silverman, hereby certify that I forwarded the Motion and Order to AUSA Rattan, counsel for the government. AUSA Rattan approved the language of the Motion and order. AUSA Rattan also previously agreed to the motion and order in Court on the record on January 4, 2019. AUSA Rattan recommended that I forward the motion and order to the AUSA in the SDFL who is representing the BOP in this matter. I forwarded the motion and order to Christopher Cheek, the AUSA in SDFL who is representing the BOP. I received a bounce email indicating he is still furloughed but providing a number to call to reach the duty AUSA. I called that number and spoke to the duty AUSA. I read the relevant language in the motion to the duty AUSA and the duty AUSA specifically approved the language and advised that I could so inform the Court.

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman