IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR176 |
| | § | Judge Crone |
| JAMES MORRIS BALAGIA | § | |
| a.k.a. "DWI Dude" | § | |

**UNITED STATES' 404(b) NOTICE**
**And TRIAL BRIEF ON THE ADMISSIBILITY**
**OF EXTRANEOUS OFFENSES**

The defendant, James Balagia, is an attorney whose clients have included foreign narcotics traffickers facing indictment in the United States. The government's case focuses on the defendant and co-defendants Charles Morgan and Bibiana Correa Perea soliciting payments from clients for the purported purpose of bribing United States government officials to obtain favorable outcomes in pending indictments and knowingly accepting narcotics proceeds as payment for legal representation. On May 10, 2018, the United States Grand Jury charged the defendant in a Third Superseding Indictment ("indictment") with the following: conspiracy to commit money laundering; obstruction of justice and aiding and abetting; attempt to violate the Kingpin Act; conspiracy to commit wire fraud; and conspiracy to obstruct justice.

It is the United States' position that the "extraneous" offense the United States gives notice of in this filing is intrinsic to the crime charged. The facts related to this event are referenced in the indictment and included in the time period of the indictment. Therefore, it

is not an extraneous offense. However, in an abundance of caution, the United States provides this extraneous offense notice. The defendant has actual notice that the United States will seek to admit evidence of this event through the allegations in the indictment as well as the discovery process. Again, the United States's position is that the event is admissible and intrinsic to the offense charged.

The event at issue is the following:

On or about November 17, 2011, law enforcement officers in Texas seized approximately $50,000.00 of narcotics proceeds on United States Interstate 40 in Kerrville, Texas from JMM and her daughter VA. The Drug Enforcement Administration pursued forfeiture of the seized funds in DEA Case Number MB-12-0012, Asset ID Number 12-DEA-556315. JMM and her daughter were transporting the money from the East Coast to California on behalf of MN. MN had previously hired the defendant in a related case and contacted the defendant to represent JMM and VA. In the course of his discussions with JMM, the defendant and his investigator/paralegal HJP convinced JMM that he had the ability to influence judges and prosecutors in her criminal case. Further, in the course of his representation of JMM, **Balagia** knowingly drafted a false sworn statement for JMM to sign. The defendant then submitted JMM's sworn statement to the DEA along with a form requesting that the money be returned to JMM's bank account. Subsequently, the defendant submitted a second form and requested that the money be placed in the defendant's account. The DEA returned the $50,000.00 to the defendant.

## AUTHORITY AND ARGUMENT

At trial, the United States will seek to admit the above events related to the seizure of the $50,000.00 and the defendant's subsequent representation of JMM. The United States intends to offer the witnesses and evidence that establish the event. Again, it is the position of the United States that the event is intrinsic to the offense charged. However, alternatively, it would be admissible as extraneous offense evidence. Extraneous offense

evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence.

Rule 404(b) provides, in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, of absence of mistake or accident....
> Federal Rule of Evidence 404(b).

Rule 404(b) generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon another relevant issue in the case. *Huddleston v. United States*, 485 U.S. 681(1988). Thus, the threshold inquiry before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character. *Id*. 485 U.S. at 686.

The seminal Fifth Circuit decision governing extrinsic offense evidence is *United States v. Beechum,* 582 F. 2d 898 (5th Cir. 1978). *Beechum* sets out a two-step test to be applied to all 404(b) evidence: (1) the extrinsic evidence must be relevant to an issue other than the defendant's character; (2) the evidence must possess probative value that is not substantially outweighed by its undue prejudice. *Id*. at 911.

The first prong of the *Beechum* test requires extrinsic evidence to be relevant to an issue other than the defendant's character. The Fifth Circuit has held the mere entry of a not guilty plea raises the issue of intent sufficiently to justify the admissibility of uncharged, extrinsic evidence. *United States v. Prati*, 861 F.2d 82, 86 (5th Cir. 1988). Applying the first prong of the *Beechum* test to the facts before this Court, the defendant

has entered a plea of not guilty to the indictment. Therefore, the defendant has put the element of intent at issue and the first prong weighs in favor of admission of the extraneous evidence.

The second prong of the *Beechum* test requires balancing probative value against undue prejudice. The Fifth Circuit has held unfair prejudice to the defendant is only one factor trial courts should consider when evaluating the admission of 404(b) evidence. In *United States v. Arteaga-Limones*, 529 F.2d 1183, 1197 (5th Cir. 1976), the Fifth Circuit said the propriety of admitting evidence of prior convictions to show intent is established by four factors: "(1) plain, clear and convincing evidence of a prior similar offense; (2) not too remote in time; (3) in which intent is a material element; and (4) the proof of which is substantially needed by the government to the extent the material prejudice to defendant is outweighed." *Arteaga-Limones* at 1197.

The second prong of the *Beechum* test requires balancing the probative value against undue prejudice. The *Arteaga-Limones* factors can be used to assist in the probative value v. undue prejudice analysis. The first *Arteaga-Limones* factor is whether there is plain, clear and convincing evidence of a prior similar offense. In this case, the documents the defendant submitted to DEA (JMM's affidavit and the forms routing the return of the money) corroborate the direct testimony of JMM. Moreover, the defendant himself has submitted a letter to the State Bar of Texas indicating that he knew that the money possessed by JMM was to be used for the purchase of narcotics, a statement which contradicts the statements that he made when discussing the case with the DEA.

Therefore, the evidence the offense is plain, clear and convincing. This factor weighs in favor of admission.

The second *Arteaga-Limones* factor is whether the extraneous offense is remote in time. The time period alleged in the indictment for the span of the conspiracy is 2011 up to and including the date of the filing of the Indictment. In this case, the offense falls within time period of the offenses alleged in the indictment, and, therefore is not too remote. This factor weighs in favor of admission.

The third *Arteaga-Limones* factor is whether the offense is one in which intent is a material element. The defendant is charged with multiple offenses in which intent is a material element. The defendant's intent to participate in a plan to gain the confidence of a potential client by representing that he "has prosecutors and judges" is critical in showing he is guilty as charged in the indictment. This factor weighs in favor of admission.

The fourth *Arteaga-Limones* factor is whether the proof of the extraneous is substantially needed by the government to the extent that the material prejudice to the defendant is outweighed. In this case, the United States's case will be based on recordings and co-conspirator testimony. The United States's case is subject to strong attack because it relies heavily on co-conspirator testimony. This factor weighs in favor of admission.

The United States has shown how both *Beechum* factors weigh in favor of the admission of the extraneous offense.

The United States urges this Court to admit the evidence as intrinsic to the offense charged or, alternatively, as evidence of an extraneous act.

Respectfully submitted,

JOSEPH D. BROWN
United States Attorney

   */s/*
HEATHER RATTAN
State Bar No. 16581050
Assistant United States Attorney
101 East Park Blvd., Suite 500
Plano, Texas 75074
Telephone: 972/509-1201
Facsimile: 972/509-1209
Heather.Rattan@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent via electronic filing to defense counsel on January 11, 2019.

   */s/*
HEATHER RATTAN