IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR176 |
| | § | Judge Crone |
| JAMES MORRIS BALAGIA (3) | § | |
| a.k.a. "DWI Dude" | § | |

**MOTION FOR ENTRY OF PROTECTIVE ORDER**

The United States of America, by and through undersigned counsel respectfully requests that this Court enter a protective order regarding (1) discovery previously provided in this case and for future discovery provided in this matter; (2) for personal information; and, (3) for any allegations defense counsel may make regarding any potential witness or attorney who represents a co-defendant or witness in this case. As grounds for this motion, the United States submits the following:

1. The defendant, **James Morris Balagia**, has been charged with Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h); Obstruction of Justice and Aiding and Abetting, in violation of 18 U.S.C. § 1503 and 2; Conspire, Endeavor, and Attempt to Violate the Kingpin Act, in violation of 21 U.S.C. § 1904(c)(2); Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1343, and Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 371.

2. Pursuant to Standing Discovery Order and Rule 16 of the Federal Rules of Criminal Procedure, the United States is obligated to provide discovery to the defendant. Some of the discovery in this case involves the disclosure of personal information.

3. In order to comply with its discovery obligations, undersigned counsel has produced multiple documents to the defendant's attorneys.

4. To protect the rights of confidential sources, innocent third parties and personal information, it is requested that the Court direct that the defendant and his attorneys and their staff limit disclosure of the discovery provided to themselves and the staff of the defendant's attorneys (legal assistants and other attorneys formally associated with the law firm) and not discuss or disclose the contents of said discovered information to any other person, without further leave of this Court, and not to further duplicate said information. Not limited to this situation, but, as an example, the defendant alleges that a co-defendant operated as a confidential informant for law enforcement. Any information provided through the discovery process related to anyone possibly working as a confidential informant should be filed under seal and not be disseminated beyond the defendant's attorneys as a matter of privacy and public policy.

5. Federal Rule of Criminal Procedure 49.1 provides Privacy Protection for Filings Made with the Court. The rule notes that the following should not be filed publically: an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual. As part of this protective order, the government

requests that the defendant's attorneys not file or disseminate anything containing the type of information covered by Rule 49.1 of the Federal Rules of Criminal Procedure.

6. Along with requesting that material provided through the discovery process be protected and the material covered by Rule 49.1 be protected, the government requests that the protective order require that if defense counsel makes any allegations of misconduct regarding any witness or any attorney for any witness or co-defendant, that that information be provided to the court under seal. Unsubstantiated allegations regarding a witness or attorney for any witness or co-defendant should not be a matter of public record.

7. Pursuant to the Standing Discovery Order, the United States has disclosed to defense counsel documents containing the above information and will continue to do so. Accordingly, undersigned counsel requests that this Court enter a protective order covering (1) discovery previously provided in this case and for future discovery provided in this matter; (2) for personal information; and, (3) for any allegations defense counsel may make regarding any potential witness or attorney who represents a co-defendant or witness in this case.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_/s/_____
HEATHER RATTAN
Assistant United States Attorney
Texas Bar No. 16581050
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
heather.rattan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Entry of Protective Order has been served on counsel of record for defendant via the court's CM/ECF system on this the 18th day of January, 2018.

/s/_____
Heather Rattan

## CERTIFICATE OF CONFERENCE

I hereby certify that I e-mailed defense counsel Daphne Silverman on December 17, 2018 and December 18, 2018 and requested a position on the Government's Motion for a Protective Order. To date, there is no response on the request for a position. Consequently, the Government will note that the defendant is opposed.

/s/_____
Heather Rattan