UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA, | § | CRIMINAL ACTION NO. |
|---|---|---|
| Plaintiff, | § | 4:16-CR-176 |
| v. | § | |
| JAMES MORRIS BALAGIA, | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

To the Honorable United States District Judge:

Defendant James Morris Balagia, by and through his counsel files this Motion to Suppress Evidence. Specifically, Mr. Balagia moves for the suppression and exclusion of the video recorded on December 21, 2015 at La Picota prison and all recordings made at the Collin County Jail. In support of this motion, Defendant Balagia states as follows:

**December 21, 2015 Recording**

1. Pursuant to the defense's Colombian counsel, Colombian law does not permit the recording of an attorney without his permission or a court order.

2. Upon information and belief, no court order was obtained permitting the recording of Mr. Balagia on December 21, 2015 at La Picota prison. Defendant attempted to obtain this information through defense investigation. In addition, Defendant has sought discovery regarding whether proper authority was obtained, but none has been received. If the Government provides such discovery, Defendant will update this Motion.

1

3. The recording made on December 21, 2015 was made without Mr. Balagia's knowledge or consent. As such, it was obtained illegally pursuant to Colombian law and should be suppressed and excluded.

4. Mr. Balagia had a reasonable expectation of privacy with regard to conversation captured in the December 21, 2015 recording because he did not give his permission to be recorded, which is required by Colombian law.

**Collin County Jail Recordings**

5. The recordings made at the Collin County Jail were also made without proper authority and in violation of Mr. Balagia's reasonable expectation of privacy.

6. Under Title III, a protected "oral communication" is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation[.]" 18 U.S.C. § 2510(2).

7. Clearly Mr. Balagia had a reasonable expectation that his conversations with his client were not subject to interception. The attorney-client is the "oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (citation omitted). *See Hunt v. Blackburn*, 128 U.S. 464, 470, 9 S.Ct. 125, 32 L.Ed. 488 (1888).

8. Title III requires that the recording of oral communications "occurs only when there is a genuine need for it and only to the extent that it is needed." *Dalia v. United States*, 441 U.S. 238, 250 (1979).

9. Title III requires high-level Justice Department approval, 18 U.S.C. § 2516(1). Prior to recording oral communications, a written application to a judge for an order authorizing the interception must be made, which includes "a full and complete statement as to

whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." *id.*§§ 2518(l)(c), 2518(3)(c).

10. As such, Title III stands for the Congressional policy that recordings cannot be used "in situations where traditional investigative techniques would suffice to expose the crime." *United States v. Kahn*, 415 U.S. 143, 153 n.12 (1974).

11. Even if electronic recordings are appropriate, such surveillance must be conducted pursuant to judicially approved procedures. 18 U.S.C. § 2518(5).

12. Upon information and belief, the United States Attorneys' Office and the FBI chose to proceed without notifying the Justice Department and without receiving proper authority. See the attached Federal Bureau of Investigation Electronic Communication titled, "Operation Conducted without OEO Approval," dated June 10, 2016, and the accompanying email dated May 26, 2016, attached hereto as **Exhibit A**.

13. Defendant has sought discovery regarding whether proper authority was obtained, but none has been received. If the Government provides such discovery, Defendant will update this Motion.

**Suppression of Other Evidence**

14. Furthermore, any evidence gained from the wrongfully obtained recordings should be suppressed. The government must prove, at an evidentiary hearing, that the evidence it intends to introduce was not tainted by the unlawful recordings. *See Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963*); Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392 (1920).

**Prayer for Relief**

Pursuant to the foregoing, Mr. Balagia respectfully requests that the Court suppress the contents of the December 21, 2015 video and to rule that the government may not use any evidence derived from such video, and that the Court suppress the contents of the recordings made at the Collin County Jail and to rule that the government may not use any evidence derived from such recordings.

Respectfully submitted,

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman (TBN 06739550)
Silverman Law Group
501 N. IH-35
Austin, TX 78702
512-485-3003
Fax: 512-597-1658
daphnesilverman@gmail.com

**Certificate of Conference**

I certify that I corresponded with AUSA Rattan regarding the use of the unlawful recordings. AUSA Rattan advised that she does not consent to this Motion and intends to use the recordings and evidence obtained therefrom.

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman

**Certificate of Service**

      I certify that on March 8, 2019, this document was filed with the Clerk of the Court using the electronic case filing system that automatically sends notice of electronic filing to the attorneys of record who have consented to accept such service.

    /S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman