# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § § § § § § § § § § | CRIMINAL ACTION NO. 4:16-CR-176 |
| v. | | |
| JAMES MORRIS BALAGIA, Defendant. | | |

## BALAGIA'S SECOND MOTION TO COMPEL DISCOVERY

James Morris Balagia respectfully moves this court pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) for the discovery and production of exculpatory and material evidence.

On February 15, 2019, Magistrate Judge Christine A. Nowak issued an order identifying all pending discovery motions [DKts. 200, 243, 246, 252) and ordering that any other discovery issues that exist be filed on or before Friday, March 8, 2019.

The following list of discovery disputes supplements the previous filed motions.

1. With regard OFAC documents designating the underlying drug traffickers under the kingpin act- all documents showing or listing all accounts seized from the persons listed in the indictment pursuant to 21 U.S.C. 1904. Any pre-seizure or post-seizure notice that the government provided to these persons reflecting that they had been designated. The original executive orders affecting the designation together with the factual basis upon which the decision to designate was based.

2. All OFAC licenses obtained by any lawyers in order to represent any of the drug traffickers in the underlying drug case that has resulted in this prosecution. The underlying drug case is *U.S. v. Fernain Rodriguez-Vasquez*, Case No. 4:1cr-38.
3. Any documents that reflect the request for and approval for authorization for Columbian attorney Nury Lopez or any other person to record the attorney client interview in La Picota prison in Columbia that has been provided to the defense through discovery. This dispute includes documents of approval from the Columbian authorities, documents of approval from the United States Department of Justice (USDOJ), and documents of approval from any United States court.
4. Any documents that reflect the request for and approval for authorization for the Collin County Sheriff or any other person to record the attorney client interview between an underlying drug trafficking defendant and James Balagia in Collin County jail. This dispute includes documents of approval from the United States Department of Justice (USDOJ) and documents of approval from any United States court or state court within the United States.
5. All oral or written communication of any sort including but not limited to notes of in person meetings, notes of phone calls, recordings of phone calls, emails, texts and/or letters between Rafael De La Garza and any employee of the DOJ regarding any defendant in this cause, Norman Silverman, Daphne Silverman, James Balagia, and/or any other person associated with this case.
6. With regards to JMM and her daughter, all documents in their files with the state court of prosecution including all correspondence between the prosecutors and the law office of James Balagia, all correspondence among prosecutors in the office prosecuting the cases, and all discovery in their cases. Balagia's defense is that he effectively represented these ladies in Court. As a result, the prosecution file is substantive evidence in the defense case in Chief.
7. With regards to any bar complaints or bar matters involving James Balagia, any oral or written communication of any sort including but not limited to notes of phone calls, recordings of phone calls, emails, texts between any member of the State Bar of Texas and any employee of the DOJ or any employee of the FBI.
8. Any photographs in the government's possession of any of the defendants in this cause that have not previously been provided.
9. Any devices or downloads of any devices involving or in regards to any co-defendant in this cause including but not limited to the Ipad belonging to one of the co-defendants that has been previously discussed with the government that has on it pictures of high ranking government officials and drug traffickers in Columbia.
10. All files of the USDOJ on the underlying drug trafficking defendants – Hermes Cassanova Ordonez, Segundo Segura, and Aldemar Segura- including but not limited to the file in the Sherman office of the UDDOJ that is prosecuting the

underlying drug trafficking defendants.  We have not requested these documents previously because AUSA Rattan advised that she was walled off from the Sherman file in order to avoid a conflict. As noted in our Motion to Disqualify the prosecutors in this case, the wall has interfered with the discovery of relevant documents.  The defense has moved to disqualify the prosecutors in the case, and now seeks the production of these files. The files should include the discovery in their cases, all correspondence with defense counsel, all correspondence with any law enforcement officer, and all correspondence between employees of the USDOJ.
11. All recordings of phone calls from any jail for all persons associated with this case who have been incarcerated at any time regardless of who was called. Those related to the case who have been incarcerated at some time include but are not limited to: JMM and her daughter, all defendants in this cause as well as Aldemar Segura, Segundo Segura, and Hermes Casanova Ordenez.
12. All reports or other documentation of any investigation of the people who may have at any time been law enforcement connections or handlers or any other relationship by whatever name its known for a co-defendant in this matter including the people referenced in Washington DC who originally worked in San Antonio, the Professor in Ohio who also has a condo in Florida, the officers identified to the Court previously through a codefendant's lawyer and any other people developed in this investigation by law enforcement or the prosecution.
13. A.F. - all documents in his file with the state court of prosecution including all correspondence between the prosecutors and the law office of Jamie Balagia, all correspondence between prosecutors in the office prosecuting the case, and all discovery in his case. As with the allegations by the ladies, Balagia's defense is that he effectively represented A.F. in Court.  As a result, the prosecution file is substantive evidence in the defense case in Chief.

The defense incorporates all previously made arguments in its Motion to Compel and amended motions to compel presently pending before the Court.  This list supplements the existing motion with additional disputed issues. The Court had asked that all discovery disputes be briefed by March 8.  With this motion, counsel is identifying all remaining discovery disputes about which she is presently aware. However, the government has not met its January 18 deadline for production of

subpoenaed material. There may be additional disputes after counsel reviews the documents yet to be produced.

Respectfully submitted,

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman (TBN 06739550)
Norman Silverman (TBN 00792207)
Silverman Law Group
501 N. IH-35
Austin, TX 78702
512-485-3003
Fax: 512-597-1658
daphnesilverman@gmail.com

## CERTIFICATION BY DAPHNE SILVERMAN

I am an attorney licensed to practice in the State of Texas. I have been retained by Defendant James Balagia to represent him in this matter, and have been personally involved in the defense investigation. I have personal knowledge of the facts set forth above regarding the defense investigation. I hereby certify that those facts set forth herein are accurate and complete to the best of my knowledge.

/s/ Daphne Pattison Silverman
Daphne Pattison Silverman

## CERTIFICATE OF SERVICE

I certify that on March 8, 2019, this document was filed with the Clerk of the Court using the electronic case filing system that automatically sends notice of

electronic filing to the attorneys of record who have consented to accept such service.

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman

## CERTIFICATE OF CONFERENCE

Counsel forwarded a copy of this motion to opposing counsel prior to filing as requested by opposing counsel previously with regards to discovery disputes. With all prior discovery disputes, opposing counsel has asked to be listed as opposed. Counsel received no response from opposing counsel.

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman

## CERTIFICATE OF COMPLIANCE WITH FED R. CRIM PROC. 49.1 AND WITH EDTX LOCAL RULE 49.1

Counsel certifies that all personal identifiers have been removed from this document in accordance with Fed. R. Crim. Proc 49.1 and in an abundance of caution the name of the relevant co-defendant has been redacted in accordance with EDTX Local Rule 49.1. By removing this name, counsel is not affirming that the rules require removal nor waiving any right to identify the person by name in future pleadings or in Court. Counsel has previously filed pleadings sealed as a courtesy to the co-defendants. Review of EDTX Local Rule 49 reveals that sealing as a courtesy violates the local rules.

In order to serve the presumption of openness in criminal pleadings called for by Rule 49, this pleading is being filed unsealed.

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman