IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR176 |
| | § | Judge Mazzant |
| JAMES MORRIS BALAGIA (3) | § | |
| a.k.a. "DWI Dude" | § | |

# **RESPONSE TO DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE**

The United States opposes the defendant's Motion for Order to Show Cause (Dkt. 264).

Throughout the discovery process, the United States has attempted to assist the defendant in obtaining information he has requested. However, the United States has consistently and continually objected to the defendant's requests because the defendant's multiple requests are not relevant, are overly broad and are simply a fishing expedition. The defendant filed a Motion to Compel (Dkt. 200) on November 6, 2018. The United States filed a Response to the Motion to Compel (Dkt. 203) on November 19, 2018. United States Magistrate Judge Christine Nowak held two hearings related to the defendant's Motion to Compel: December 18, 2018 and January 4, 2019. At each of the hearings, the United States objected that the defendant's requests were not relevant. Without making any findings on the Motion to Compel, Judge Nowak requested that the parties conference at each hearing and attempt to reach agreement regarding the defendant's requests. At each hearing, the defendant drafted a list of items and the United

**Response to Defendant's Motion for Order to Show Cause – Page 1**

States, although continuing to note the lack of relevance, agreed to assist the defendant in requesting the additional items.

At the December 18, 2019 hearing on the defendant's Motion to Compel, Judge Nowak asked the parties to meet off the record and attempt to compromise. Below is the list of discovery items (in bold below) provided to Judge Nowak on December 18, 2019. At the hearing, the United States noted that it was not agreeing that the defendant's requests were relevant in this case. In early January, 2019, the United States responded to the list. The United States' responses are listed below. However, as noted below, the defendant complained that the United States' information was deficient.[1]

**(2)[2] HSI - Defense requests any investigative file by whatever term you know the file that contains information that was provided by CNM[3]. Defense further requests any control file, zero file, or other collection of statements and intelligence provided by CNM in the possession or under control of the agency. This request is not limited to the actual statements by CNM but includes any full investigative file in which his information was used.**

**United States' response**: I contacted HSI SA DM. SA DM advised that there is not an additional investigative file containing any information provided by CNM. There is no "control file, zero file, or other collection of statements and intelligence provided by [CNM] in the possession or under control of the agency."

**Defendant's argument of deficiency**: The government's inquiry is limited to the information in the possession of SA M. The request should have been directed to the Custodian of Records for confidential source information. In addition, the government's response doesn't identify all cases that CNM was associated with. We should have a list of all of the Colombian cartel members that CNM attempted to bring to the United States. In addition, the information provided by SA DM seems inaccurate. Telephone records

---

1 Judge Nowak asked the defendant to explain how the U.S. responses were deficient. Counsel for the defendant replied with the responses noted below.
2 There was not a "1"
3 Initials have been substituted for names that were used on the list.

**Response to Defendant's Motion for Order to Show Cause – Page 2**

provided by the government reveal pages of telephone contact between CNM and SA DM. It is not credible that SA DM would contact Morgan repeatedly if he was not receiving significant information.

**(3) CIA - the defense asks that the Court request that DLG ask the following questions verbatim by December 29.**

**1. Please tell me if you are unable to answer any of these questions for any reason.**
DLG/ CNM response: CNM said he is able to answer all of the question.

**2. Have you provided information in any manner as an informant, a source, a contractor or employee to the CIA, or any other governmental agency.**

DLG/ CNM response: No to the CIA. Yes to DEA, FBI and Legacy Customs.

**3. If so, where would the file on that information be located.**

DLG/ CNM response: Miami DEA in the 1970's; Dallas Customs in the 1970's; San Antonio FBI.

**4.   Who was your handler and where did you provide this information.**

DLG/ CNM response: DEA VG, MS.

**5.  When you were working on the Julio Correa case, who were you working for including what agency and the name of the handler.**

**DLG/ CNM response:** hired by attorney in Colombia trying to help FBI agent VP.

**Defendant's argument of deficiency**: CNM has now revealed that there will be a DEA file and a Customs file. This is the first time that the defense has been informed of the existence of a DEA and Customs file. Therefore, the request calls for the government to request CNM DEA file and Customs file.  CNM's reponse reveals the deficiencies in the government's other discovery responses.

**(4) FBI - same request as HSI**
**Plus, please review whatever file is necessary to determine to whom Morgan provided information at the FBI, by whatever title the person is known, either handler or intake or agent on duty.**

**United States' response:** I spoke to FBI SA JR. SA JR advised that there is not an additional investigative file containing any information provided by CNM. There is no "control file, zero file, or other collection of statements and intelligence provided by CNM in the possession or under control of the agency."

**Defendant's argument of deficiency**: The government's inquiry is limited to the information in the possession of SA JR. The request should have been directed to the Custodian of Records for confidential source information. In addition, the government's response doesn't identify all cases that CNM was associated with. We should have a list of all of the Colombian cartel members that CNM attempted to bring to the United States. In addition, the information provided by SA JR seems inaccurate because CNM responded that he worked with Agent VP in particular on the Julio Correa case and that he worked for the FBI in San Antonio. In order to determine what cases CNM was associate with we need all cases of Colombian Defendants that VP was involved with.

**(5) RO- Please contact the US attorney's office in SDFL, in SDNY, and in EDNY to request any evidence of allegations including a letter from RD of any type of misconduct by RO.**

**United States' Response**: The EDTX USAO has contacted the USAOs in the SDFL, the SDNY and the EDNY.
<u>In the SDNY</u>: Associate US Attorney JMM reported that nobody has provided any information about allegations against RO in response to an e-mail inquiry of SDNY AUSAs. Additionally, the SDNY does not have any record in LIONS/ Case View naming RO as a defendant or participant.
<u>In the EDNY</u>**:** we have contacted AUSA SDC and are awaiting a response.
<u>In the SDFL:</u> we have contacted AUSA TM and United States Attorney FO and are awaiting a response.
If Mr. RD has the letter or a time frame, that will be of assistance.

**Defendant's argument of deficiency:** The inquiry should be to the prosecutor who handled the DBB, aka Loco B case regarding funds being improperly placed into commisary accounts of witnesses. The complaint is likely not in the name of either RD or RO. This letter either went out in 2014 or 2015. One of the AUSAs assigned was AS. The request should include specifically inquiring of prosecutors assigned to the Loco B case including but not limited to Ms. AS.

**(6) NL - The government will request that the judicial attaché in Colombia request that the Colombian attorney general's office   determine whether there are any criminal convictions, pending charges, or allegations made against NL.**

**United States' response**: FBI SA JR has confirmed that he made a request of the FBI LEGAT in Bogota to get NL criminal history. The request is in progress and they are confident that it can be done. However, we do not have the results yet.

**Defendant's argument of deficiency:** This response is deficient with regards to both Columbia and Texas. This response is deficient because it states only criminal history was requested by Rennie. The defense request is not just for Lopez's criminal history. It requests any criminal convictions, pending charges or allegations made against NL in both Colombia and Texas. In addition to this response, the government previously advised that it checked the Lions system for allegations against NL. Checking Lions is insufficient. Further check of allegations in Texas needs to be accomplished.

**(7) JP- The government will run his name in the lions system to determine if he has any files in lions.**

**United States' response**: The government checked LIONS and there is nothing in LIONS in JP's name.

**Defendant's argument of deficiency**: This response is not credible. We know that JP was involved in this investigation in some manner as a witness, target, source or otherwise. He should appear in the U.S. attorney's files in the EDTX in some manner.

**(8) La Picota - The judicial attaché advises that he will determine how the logs are created, what is the procedure, what they do with the books, and basically do an accounting of what happened that caused the inaccuracies. If want to review the big book, then we should be able to determine why those errors exist and be able to fix it. Prosecutorial investigating to figure out what books, if any, we can review and what books, if any, an agent can review.**

**United States' response**: The Judicial Attaché met with the person who produced the logs as well as that person's supervisor. They both told the Attaché that the logs are the only records that are available and that they believe them to be correct. If an official request were made by the defense through the State Department, the same logs would be produced. The large green book that was discussed has nothing to do with the visitor logs.

**Defendant's argument of deficiency:** This response is deficient in that it does not provide answers to any of the questions posed including how the logs were created, the procedure, what they do with the books, nor does it account for the inaccuracies. The

response is further deficient because it does not provide the purpose of the big green book. The response merely provides an inaccurate conclusion.

Judge Nowak scheduled another discovery hearing for January 4, 2018 and again asked to parties to confer off the record to see if the government would continue to assist the defendant with discovery. Again, the government noted that defendant's requests were not relevant. However, the United States again attempted to assist the defendant with his requests. Below is the list (in bold) provided to Judge Nowak on January 4, 2019. The defendant authored the below language and the United States has issued the subpoenas to the referenced agencies. The United States' responses are listed below:

**The government will issue Subpoenas Duces Tecum To the Chief Counsel for each of the following agencies: FBI, DEA, and HSI/Legacy Customs Please produce all records of any type including but not limited to both electronic and paper records that have CM's name (including but not limited to the DOB [redacted] and the aka CM) in any manner including but not limited to as a defendant, target, source of information, confidential informant, and witness. In your search, please check every repository of records under control of or accessible by your agency.**
**Please include but do not limit your search to the following:**
**Please run CM's name in your electronic database system by whatever name it is known, for example Naddis for DEA, ICEPICK for HSI, and III for FBI. After running his name, please provide any document in the electronic system that has his name. In addition, please then access and provide all reports identified in the database regarding the document that has CM's name and the case file for the file related to the document that has the name of CM.**
**Please also enter the following phone numbers associated with CM into your electronic database: [number redacted], [number redacted], [number redacted]. Please produce any documents that result from search of these numbers including but not limited to reports and case files.**

**Please provide access log for any agency database for searches of CM's name or phone numbers as he and his numbers are identified above.**

**Please check the repository of paper files by contacting the custodian in charge of the records and asking the custodian to check the records and provide any document in the paper files that has CM's name and the case file for the file related to the document that has the name of CM.**

**The custodian is specifically asked to confirm if the agency has been properly identified and to describe what files are maintained, how they are maintained, and where they are maintained.**

**For the HSI subpoena, the government will add, please identify if you have the records for the old customs department, referred to as Customs Legacy.**

**NL**
**The government will include in the subpoena duces tecum paragraphs requesting records regarding NL. The government will facilitate introduction of defense counsel to the judicial attaché in Colombia and ask the judicial attaché if he would meet with defense counsel the week of January 14.**

**RO**
**With the additional information provided by the defense regarding the specific case and prosecutor, the government will re-contact the EDNY for information.**

**JP**
**The government will include in the subpoena duces tecum paragraphs requesting records regarding JP.**

United States' response: The United States did issue the subpoenas to the agencies described above and confirmed with defense counsel that the subpoenas were issued. The United States has not received the completed responses.

**La Picota**
**The government will facilitate introduction of defense counsel to the judicial attaché in Colombia and ask the judicial attaché if he would meet with defense counsel the week of January 14.**

United States' response: The United States did contact the judicial attaché in Colombia and he was unable to meet with defense counsel.

The United States' responses to the defendant's requests from the December 18, 2018 hearing demonstrate that the United States has attempted, beyond anything that is required under the federal rules related to discovery, to assist the defendant in discovery. The United States is still attempting to assist the defendant. The United States awaits completed information from the subpoenaed agencies.

As noted in previous responses related to discovery in this case, production of materials to a defendant in a federal criminal case is governed by Rules 16 and 17 of the Federal Rules of Criminal Procedure, the *Jenck's* Act and *Brady v. Maryland*, 373 U.S. 83 (1963). Neither the Rules of Criminal Procedure, the *Jenck's* Act nor *Brady* allows for a general fishing expedition by a defendant in search of information.

Under Rule 16 of the Federal Rules of Criminal Procedure, a defendant is entitled to materials in the possession of the government "which are material to the preparation of the defendant's defense." Fed. Rule Crim. Proc. 16(a)(1)(C). In the context of Rule 16, "the defendant's defense" means only the defendant's response to the government's case-in-chief— items or information "which refute the Government's arguments that the defendant committed the crime charged"—and not merely a claim "challenging the prosecution's

conduct of the case." *United States v. Armstrong*, 517 U.S. 456, 461-62 (1996). Fed. Rule Crim. Proc. 16(a)(1)(C). Rule 16 applies to items "within the government's possession, custody, or control," that are "material to preparing the defense." Fed. Rule Crim. Proc. 16(a)(1)(E)(i). The government's possession depends on whether "the prosecution has knowledge of and access to" the files. *United States v. Santiago*, 46 F.3d 894 (9th Cir. 1995).

Under Rule 17 of the Federal Rules of Criminal Procedure, the government or the defendant may subpoena information. Fed. Rule Crim. Proc. 17. However, to require production prior to trial, the moving party must show, among other things, that the documents are evidentiary and relevant, and that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699 (1974). Specifically, the moving party must show that (1) the subpoenaed document is relevant, (2) it is admissible, and (3) it has been requested with adequate specificity. *Id.* at 700.

The *Jenck's* Act [18 U.S.C. §3500] governs demands for production of statements and reports of witnesses. However, no fishing expeditions are authorized under the *Jenck's* Act. *United States v. Graves*, 428 F.2d 196, 198 (5th Cir. 1970).

Finally, the defendant is entitled to any evidence favorable to the defendant "where the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. 83 (1963). *Brady* includes impeachment evidence. *United States v. Giglio*, 405 U.S. 150 (1972). While the

government has an affirmative constitutional duty under *Brady* to supply a defendant with exculpatory material known to it or in its possession, a court is not required to ensure a criminal defendant has access to all government material in order that the defendant may engage in a fishing expedition to find something potentially helpful for his case. *United States v. Davis*, 752 F.2d 963, 975-76 (5th Cir. 1985). A criminal defendant is not entitled to disclosure of materials based on the "mere possibility" or on "bare speculation" that those materials might include *Brady* material. *United States v. Stanford*, 823 F.3d 814, 841-42 (5th Cir. 2016). The government is not obligated to seek out information not in its possession, or undergo a fishing expedition in an effort to find evidence. *United States v. Morris*, 80 F.3d 1151 (7th Cir. 1996). A district court is not obligated to permit a fishing expedition. *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992).

Further, the government is not obligated to undergo a fishing expedition in an effort to find evidence. *United States v. Morris*, 80 F.3d 1151 (7th Cir. 1996). In *Morris*, the court upheld the district court's ruling that *Brady* did not require the government to seek out allegedly exculpatory information in the hands other federal agencies (the Office of Thrift Supervision, the Securities and Exchange Commission or the Internal Revenue Service) when it had been unaware of the existence of that information. *Id.* at 1169. The court noted that because "none of those agencies were part of the team that investigated this case or participated in its prosecution, the district court would not impute their knowledge of potentially exculpatory information to the present prosecutors." *Id.*

In this case, the defendant has not shown that the items requested are evidentiary and relevant and that these requests are not general "fishing expeditions." For example, one of the individuals (RO) the defendant requests information about is not a witness in this case. RO is an attorney who represents one of the Colombian Kingpin OFAC designated drug traffickers in this case (Segundo Villota-Segura).

**CONCLUSION**

The government has gone well beyond its discovery obligations. The broad scope of what the defendant has received in discovery and the government's efforts to go above and beyond what is required demonstrates that the government is attempting to assist the defendant with his requests. The defendant still has not established the relevance of the additional items he is requesting. The remaining discovery issues relate to matters that will not be relevant at trial nor admissible before the jury. The defendant has provided this Court with neither case law, rules of discovery or argument supporting why these items are relevant.

The government respectfully requests this Court deny the defendant's motion.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY


/s/
HEATHER RATTAN
Assistant United States Attorney
Texas Bar No. 16581050
JAY R. COMBS
Assistant United States Attorney
Texas Bar No. 24086545
101 East Park Blvd., Suite 500
Plano, Texas 75074
Phone (972) 509-1201

**CERTIFICATE OF SERVICE**

This is to certify that on March 15, 2019, I filed this document with the Clerk using the CM/ECF filing system which will provide electronic notice to opposing counsel.

/s/
Jay R. Combs
Heather Rattan