IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR176 |
| | § | Judge Crone |
| JAMES MORRIS BALAGIA (3) | § | |
| a.k.a. "DWI Dude" | § | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO DISMISS**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Texas and the undersigned Assistant United States Attorney, and files this Response to Defendant's Motion to Dismiss filed on March 8, 2019, Docket #262.

## INTRODUCTION

Defendant moves to dismiss on the following grounds: (1) the Defendant alleges that the government interfered with Defendant's right to due process by failing to follow its own internal policies with respect to bringing certain actions by the Defendant's attorneys to the attention of the Court; (2) the Defendant alleges that the indictment fails to state a crime; and (3) the Defendant alleges that the government has failed to provide necessary discovery.

**I. The Internal Justice Department Rules do not Support the Defendant's Argument.**

Defendant again seeks relief based upon unproven allegations that the

Government has violated its own internal rules when it advised the Court of serious concerns relating to the misconduct and lack of admission to practice in the Eastern District of Texas. The Government has previously provided briefing to this Court in response to a prior motion of the Defendant, noting that internal Department of Justice rules do not create enforceable rights for criminal defendants. *United States v. Cooks*, 589 F.3d 173, 184 (5th Cir. 2009); *See also United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) ("[I]t is clear that the USAM does not create any substantive or procedural rights.... The USAM explicitly states that '[t]he Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to [,] create any rights, substantive or procedural, enforceable at law by any party in any manner civil or criminal.' ") (quoting USAM 1-1.100); *United States v. Blackley*, 167 F.3d 543, 548-49 (D.C. Cir. 1999); *United States v. Myers*, 123 F.3d 350, 356 (6th Cir, 1997); *United States v. Piervinanzi*, 23 F.3d 670, 682 (2d Cir. 1994); *United States v. Craveiro*, 907 F.2d 260, 264 (1st Cir. 1990).

    The Defendant, recognizing for the first time that that internal rules do not create remedies for him (*See* Docket #262 at pg. 6), nevertheless alleges that dismissal is an appropriate result. The Defendant alleges that the totality of the circumstances creates a situation amounting to outrageous government conduct warranting dismissal.

    This position fails as a matter of logic and law. As a matter of logic, the Defendant implicitly recognizes that the Defendant has no remedy for a single violation of DOJ regulations. The most elementary mathematics reveals that the multiplication of

any number by zero is still zero.  Accordingly, multiple alleged violations of internal rules would have the same effect (zero) as a single alleged violation.

Moreover, the cases involving outrageous government conduct cited by the Defendant do not support his argument.  In *United States v. Tobias*, 662 F.2d 381 (5th Cir. 1981) the Fifth Circuit looked at allegation that the government had entrapped the defendant and, in entrapping him, had engaged in outrageous government conduct. There the Court held that the totality of the circumstances *did not* show outrageous government conduct leading to entrapment where the government agents: (1) placed an advertisement in High Times magazine; (2) offered chemicals necessary for making drugs at cut rate prices; (3) delivered chemicals to the defendant's home; (4) gave step-by-step guidance on how to manufacture the drugs on thirteen different occasions; and even (5) suggested the best drug to manufacture. *Id.* at. 383, 387.  The Defendant does not allege entrapment so *Tobias* is inapplicable here.  Moreover, the totality of the circumstances in *Tobias* (which the Fifth Circuit found insufficient to warrant relief) were <u>far</u> more severe than those which are alleged by the Defendant.

The Defendant's reliance on *Green v. United States*, 454 F.2d 783 (9th Cir. 1971) is even more unreasonable.  Since *Green,* a panel of the Ninth Circuit has noted that *Green* is no longer good law.  *United States v. Haas,* 141 F.3d 1181 (9th Cir. 1998) (unpublished).  The Defendant failed to advise this Court of *Green's* overruling.

Thus, neither case cited by the Defendant supports his claim that violation of internal Justice Department rules is a basis for dismissal.  Instead, the caselaw cited by

the Government from the Fifth Circuit and elsewhere leads to the opposite conclusion. Accordingly, even if the Defendant could make a colorable claim that internal Justice Department rules have been violated, such a violation would not support any action to dismiss the charges in this case.

**II. The Defendant Utterly Fails to Substantiate His Claim that the Crimes Alleged in the Indictment Fail to State a Crime.**

The Defendant alleges that the Government has endeavored to "create a crime that did not exist." Docket #262 at pg. 7. A cursory glance at the indictment reveals that the Grand Jury has handed up an indictment which plainly states the specific crimes with which the Defendant is charged and details with significant specificity a number of facts which support the charges. The Defendant speaks of creating a crime that does not exist in generalities but does not cite even a single statute with which he is *actually* charged. This allegation is baseless and should be dismissed.

**III. The Defendant's Claimed Discovery Violations Do Not Exist Nor Are They a Basis for the Relief He Seeks.**

Defendant argues that the indictment in the instant case should be dismissed as a result of claimed discovery violations. In fact, the disputes concerning discovery are currently being litigated. The Defendant has filed multiple motions to compel and the Government has filed responses to the Defendant's motions. Thus, even if the Government had violated this Court's discovery order (which it has not), the matter is not ripe for the Defendant's motion to dismiss. Moreover, the Defendant has failed to cite any legal authority supporting the drastic remedy of dismissal. An analysis of the

issues involved when considering remedies for discovery violations can be found in *United States v. Garrett*, 238 F.3d 293, 297-301 (5th Cir. 2000).

While recognizing that district courts have broad discretion in determining sanctions for discovery abuse, *Garrett* also recognized that courts, "when considering the imposition of sanctions for discovery violations, must carefully weigh several factors, and if it decides such a sanction is in order, it "should impose the least severe sanction that will accomplish the desired result—prompt and full compliance with the court's discovery orders." *Id.* at 298, *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. Unit B 1982); *see also United States v. Katz*, 178 F.3d 368, 372 (5th Cir.1999).

Accordingly, even if the Defendant could demonstrate a violation of this Court's discovery orders (he cannot), his requested remedy would not be appropriate. The request for dismissal filed by the Defendant on the grounds of purported discovery violations should be denied as lacking factual and legal support as well as being unripe.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

Respectfully Submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ Jay R. Combs*
Jay R. Combs
Assistant United States Attorney
101 E. Park Blvd, Suite 500
Plano, Texas 75074
Phone 972-509-1201 Fax 972-509-1209

## CERTIFICATE OF SERVICE

I hereby certify that this Government's Response was served on counsel for the defendant by the Court's electronic filing system on March 15, 2019.

*/s/ Jay R. Combs*
JAY R. COMBS