UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL ACTION NO. |
| Plaintiff, | § | |
| | § | 4:16-CR-176 |
| v. | § | |
| | § | FILED UNDER SEAL |
| JAMES MORRIS BALAGIA, | § | |
| Defendant. | § | |

**Reply to Government's Response to Defendant's Second Motion to Compel**

Addressing each item briefly to comply with the page limitation for a Reply:

1. Defense Request: With regard OFAC documents designating the underlying drug traffickers under the kingpin act- all documents showing or listing all accounts seized from the persons listed in the indictment pursuant to 21 U.S.C. 1904. Any pre-seizure or post-seizure notice that the government provided to these persons reflecting that they had been designated. The original executive orders affecting the designation together with the factual basis upon which the decision to designate was based.

   Government Response: The defense cannot litigate the designation.

   Defense Reply: The defense seeks to litigate the notice to the kingpins. The Constitution and the regulations require that Kingpins be on notice that they cannot spend their funds before anyone can be held responsible for their spending of funds. There are other technical issues within the CFR with regard to the designation. Defense counsel needs the materials in order to provide the information to a legal expert in this field who can advise if the regulations that can be litigated have been complied with.

2. Defense Request: All OFAC licenses obtained by any lawyers in order to represent any of the drug traffickers in the underlying drug case that has resulted in this prosecution. The underlying drug case is *U.S. v. Fernain Rodriguez-Vasquez*, Case No. 4:1cr-38

   Government Response: The defense has not demonstrated relevance. The defense can get these documents by subpoena.

   Defense Reply: The licenses are relevant to the selective prosecution of Balagia. The defense has reason to believe other lawyers representing defendants do not have the required licensee and the prosecution has selectively prosecuted Balagia. The documents are in the possession of the federal government and therefore subject to discovery.

3. Defense request: Any documents that reflect the request for and approval for authorization for Columbian attorney Nury Lopez or any other person to record the attorney client interview in La Picota prison in Columbia that has been provided to the defense through discovery. This dispute includes documents of approval from the Columbian authorities, documents of approval from the

1

United States Department of Justice (USDOJ), and documents of approval from any United States court.

    Government response: The United States was not involved with the search and violation of DOJ policies does not create a right.

    Defense Reply: The defense is not required to rely upon the prosecutor's assertion that the United States was not involved in the recording. The defense is entitled to review the records in order to determine if the United States was involved and if the United States involvement violated Balagia's constitutional rights. Violation of DOJ policy can be relevant on issues of intent with regards to violations of constitutional rights. In addition, violation of DOJ policy further supports the defense motion to dismiss for the outrageous misconduct and motion to disqualify the prosecutor.

4.    Defense request: Any documents that reflect the request for and approval for authorization for the Collin County Sheriff or any other person to record the attorney client interview between an underlying drug trafficking defendant and James Balagia in Collin County jail. This dispute includes documents of approval from the United States Department of Justice (USDOJ) and documents of approval from any United States court or state court within the United States.

    Government response: Doj policy does not create substantive rights.

    Defense Reply: See defense reply to #3.

5.    Defense request: All oral or written communication of any sort including but not limited to notes of in person meetings, notes of phone calls, recordings of phone calls, emails, texts and/or letters between Rafael De La Garza and any employee of the DOJ regarding any defendant in this cause, Norman Silverman, Daphne Silverman, James Balagia, and/or any other person associated with this case.

    Government response: Relevance

    Defense Reply: De La Garza bribed prison officials at La Picota in relation to representation of Columbian nationals in the EDTX. De La Garza is not being prosecuted for obstruction or any other offense related to his criminal activity. De La Garza also filed false allegations against counsel alleging improper contact with a person who was not represented by counsel at the time he was contacted. Defense is entitled to explore the basis of the selective prosecution of Balagia.

6.    Defense request: With regards to JMM and her daughter,[1] all documents in their files with the state court of prosecution including all correspondence between the prosecutors and the law office of James Balagia, all correspondence among prosecutors in the office prosecuting the cases, and all discovery in their cases. Balagia's defense is that he effectively represented these ladies in Court. As a result, the prosecution file is substantive evidence in the defense case in Chief.

    Government response: Irrelevant and not in the possession of the United States.

---

[1] This request is based upon a bar complaint filed by Jill Marie McKeown on behalf of herself and her daughter Veronica Abrams alleging that Balagia did not divide funds received from the government in accordance with their agreement. These persons are adults and the Government wrongly used initials instead of their names in the public records.

2

Defense Reply: The government is prosecuting Balagia for representations he allegedly made to the state prosecutors. Balagia's defense is that he did not commit a crime in representing the individuals, instead he effectively represented the ladies. Therefore, all materials exchanged between Balagia and the state are relevant including the discovery and claims and correspondence regarding claims. It is not credible that the prosecutor would allege a federal charge with regards to a state prosecution and not have the state's file.

7. Defense request: With regards to any bar complaints or bar matters involving James Balagia, any oral or written communication of any sort including but not limited to notes of phone calls, recordings of phone calls, emails, texts between any member of the State Bar of Texas and any employee of the DOJ or any employee of the FBI.

Government response: No explanation of relevance.

Defense Reply: The Jill McKeown charge is based upon a bar complaint. The bar complaint was resolved without a finding that reflected negatively on Balagia's credibility but simply that he agreed to refund some additional funds to the complainants. Defense investigation indicates that the bar did question the credibility of the Jill McKeown complainants. The government suspiciously does not state that it does not have this information. It should therefore be produced to the defense. Defense is also entitled to all of the other information from the bar in regards to Balagia because it is relevant to the selective prosecution which must be litigated before Brady/Giglio will be provided.

8. Defense request: Any photographs in the government's possession of any of the defendants in this cause that have not previously been provided.

Government response: United States agrees to this request.

Defense reply: Agency files that have been subpoenaed, received by the government and are subject of the other motion to compel will have photographs of Charles Morgan at earlier stages in his life. The defense needs these photos to complete its investigation in Columbia. The defense respectfully requests that the Government at least produce the photos while it continues to litigate the remainder of the motion to compel. The failure to provide these photos is impeding the defense investigation and will contribute to the need for a continuance.

9. Defense request: Any devices or downloads of any devices involving or in regards to any co-defendant in this cause including but not limited to the Ipad belonging to one of the co-defendants that has been previously discussed with the government that has on it pictures of high ranking government officials and drug traffickers in Columbia.

Government response: The Government does not have the IPAD

Defense reply: Defense investigation indicates that witnesses gave the IPAD to the government for Morgan's defense. Defense requests that the Order from the Court on this motion require production of this information that the government has agreed to provide so that sanctions can be requested if the defense is able to prove in trial that the IPAD was turned over to the government.

10. Defense Request: All files of the USDOJ on the underlying drug trafficking defendants – Hermes Cassanova Ordonez, Segundo Segura, and Aldemar Segura- including but not limited to the file in the Sherman office of the UDDOJ that is prosecuting the underlying drug trafficking defendants. We have not requested these documents previously because AUSA Rattan advised that she was walled off from the Sherman file in order to avoid a conflict. As noted in our Motion to Disqualify the prosecutors in this case, the wall has interfered with the discovery of relevant documents. The defense has moved to disqualify the prosecutors in the case, and now seeks the production of these files. The files should include the discovery in their cases, all correspondence with defense counsel, all correspondence with any law enforcement officer, and all correspondence between employees of the USDOJ.

Government response: Only relevant if the witness testifies

Defense Reply: These files are the basis of the criminal indictment in this cause. It is patently absurd and evidence of the shroud of secrecy over this prosecution to suggest that these files are not relevant. The files should have evidence of these crimes if they had occurred which they did not, and will have the evidence of Balagia's direct defenses, including but not limited to that Balagia is the one who informed the Government that Morgan mentioned bribery and that Morgan's conduct followed a government operation along with other elements of Balagia's defenses.

11. Defense Request: All recordings of phone calls from any jail for all persons associated with this case who have been incarcerated at any time regardless of who was called. Those related to the case who have been incarcerated at some time include but are not limited to: JMM and her daughter, all defendants in this cause as well as Aldemar Segura, Segundo Segura, and Hermes Casanova Ordenez.

Government response: The United States does not have any but will produce any that the secure.

Defense Reply: This is not credible. This is case of importance to the government. All of the calls will have been turned over the prosecutors.

12. Defense Request: All reports or other documentation of any investigation of the people who may have at any time been law enforcement connections or handlers or any other relationship by whatever name its known for a co-defendant in this matter including the people referenced in Washington DC who originally worked in San Antonio, the Professor in Ohio who also has a condo in Florida, the officers identified to the Court previously through a codefendant's lawyer and any other people developed in this investigation by law enforcement or the prosecution.

Government response: The request is unclear and appears to be a fishing expedition.

Defense Reply: Not a credible statement. The prosecutor should know what this request addresses. But to clarify, the defense seeks the documentation related to the law enforcement handlers of Charles Morgan. This prosecution really arises because of a conflict in DOJ position with regards to the operation of "the Program." Some handlers were prosecuted. All were found not guilty that undersigned has been able to determine. The defense needs to know if Morgan's handler's were investigated or prosecuted because it will reflect on Morgan's knowledge and intent and is therefore directly related to defenses in this case.

13. Defense Request: A.F. - all documents in his file with the state court of prosecution including all correspondence between the prosecutors and the law office of Jamie Balagia, all correspondence between prosecutors in the office prosecuting the case, and all discovery in his case. As with the allegations by the ladies, Balagia's defense is that he effectively represented A.F. in Court. As a result, the prosecution file is substantive evidence in the defense case in Chief.

Government Response: Not in United States possession and not relevant.

Defense Reply: A.F. is Anthony Felsing. The government provided one report about a bar complaint by Felsing in the discovery. Although the purpose of providing the report to the defense is not stated in the discovery, it seems likely that the government intends to offer the complaint as 404(b) evidence. As a result, the defense is entitled to the file to prepare to defend the criminal allegations. The purported criminal conduct and any defenses will be found in the file. To clarify for the Government, when the defense states that it provided effective assistance of counsel, the defense means that Balagia committed no crimes that all he did was provide effective assistance of counsel to the client.

## Conclusion

The prosecutor would like to prosecute the defendant for conduct it claims is criminal without providing the very files in which this criminal conduct would be found if it really occurred. Every record requested directly relates to this case and Balagia's defenses. The Government should be ordered to produce the beef.

Respectfully submitted,

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman
TBN 06739550
Silverman Law Group
501 N. IH-35
Austin, TX 78702
512-975-5880
Fax: 512-597-1658
daphnesilverman@gmail.com

## Certificate of Service

I certify that on June 13, 2019, this document was filed with the Clerk of the Court using the electronic case filing system that automatically sends notice of electronic filing to the attorneys of record who have consented to accept such service.

/S/DAPHNE PATTISON SILVERMAN
Daphne Pattison Silverman