**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| v. | § § | 4:16-CR-176-ALM-KPJ |
| **JAMES MORRIS BALAGIA (3).** | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On July 2, 2019, the Court held a hearing (the "Hearing") and heard argument from the parties regarding, in part, Defendant's Motion to Dismiss (Dkt. 262) and Defendant's Motion to Suppress Evidence (Dkt. 265). The Court will address each in turn.

**A.    Defendant's Motion to Dismiss (Dkt. 262)**

Defendant does not state an adequate legal basis for dismissal of the case. Rather, Defendant merely raises four issues he argues have harmed him. First, Defendant alleges the Government violated its own internal processes regarding charges against defense counsel. *See* Dkt. 262 at 5. The Government responds that this allegation is unproven, but even if it were proven, violations of internal Department of Justice rules do not create enforceable rights for criminal defendants, citing *United States v. Cooks*, 589 F.3d 173, 184 (5th Cir. 2009). *See* Dkt. 272 at 1-2. Second, Defendant argues the Government collaborated with Defendant's clients and third-party attorneys to "create a crime that did not exist." *See* Dkt. 262 at 7. The Government responds that the Grand Jury has delivered an indictment which states the crimes with which the Defendant is charged and "details with significant specificity a number of facts which support the charges." *See* Dkt. 272 at 4. Third, Defendant asserts that the Government interfered with his right to an attorney

of his own choosing. *See* Dkt. 262 at 9. The Government argued at the Hearing that the Government merely advised the District Court of its concerns relating to Defendant's counsel's lack of admission to practice in the Eastern District of Texas. Notably, Defendant's former counsel, Norman Silverman was, in fact, terminated from this matter following the Government's advisement to the District Court. Finally, Defendant alleges ongoing discovery violations. *See* Dkt. 262 at 11.

As the Court does not find that any of Defendant's arguments comprise an adequate legal basis for dismissal of this case, and for the reasons stated on the record at the Hearing, the Court recommends that the Motion to Dismiss be denied.

### B. Defendant's Motion to Suppress Evidence (Dkt. 265)

The parties and the undersigned discussed the Motion to Suppress at the Hearing. Defendant admitted that the Motion to Suppress is based on his belief that the Government may have been involved with the recording of Defendant on December 21, 2015, in La Picota prison in Columbia. At the Hearing, the Government represented that neither the United States nor the Columbian government requested or approved the described recording in La Picota prison. Defendant also alleged that the Government violated his rights under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986 (18 U.S.C. § 2510, et seq.) by making recordings made at the Collin County Jail. The Government responded that it did not violate Defendant's rights, and further, that Title III explicitly authorizes the recordings at issue. *See* Dkt. 276 at 8-9.

The Court stated at the Hearing that there appeared to be no evidentiary basis for Defendant's assertions and beliefs of improper Government involvement with any of the alleged recordings. Defendant agreed with the Court's position that the Motion should be denied at this

time and stated that Defendant would, instead, seek leave to file a motion to suppress if further discovery demonstrated a sufficient basis for the allegations made in the Motion.

## RECOMMENDATION

For the foregoing reasons, the Court therefore recommends that Defendant's Motion to Dismiss (Dkt. 262) be **DENIED**.

The Court further recommends that Defendant's Motion to Suppress Evidence (Dkt. 265) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**IT IS SO ORDERED.**
**SIGNED this 4th day of July, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

3