# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 4:16-CR-00176 |
| | § | Judge Mazzant |
| JAMES MORRIS BALAGIA (3) | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two motions filed by Defendant James Morris Balagia: (1) Defendant Balagia's Motion to Sever Alleged Offenses (Dkt. #376); and (2) Defendant Balagia's Motion for Production of Witness or, in the Alternative, Motion for Continuance (Dkt. #380). Having considered the motions and the relevant pleadings, the Court finds that the motions should be denied.

## BACKGROUND

The original Indictment in this case was returned on December 15, 2015. On February 9, 2017, a Superseding Indictment was returned—the Superseding Indictment included charges against Defendant Balagia. Defendant Balagia is an attorney licensed in Texas (Dkt. #232). Under the operative, Fourth Superseding Indictment returned on January 9, 2019, the Government charges Defendant Balagia with five counts: (1) Conspiracy to Commit Money Laundering; (2) Obstruction of Justice and Aiding and Abetting; (3) Violation, Endeavor, and Attempt to Violate the Kingpin Act; (4) Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1343; and (5) Conspiracy to Obstruct Justice (Dkt. #232).

These charges stem from Defendant Balagia's representation of Columbian citizens in drug-related, criminal matters (Dkt. #232). The following excerpt from the Fourth Superseding Indictment provides some context for the charges:

> Balagia and others would solicit federal criminal defendants (including Hermes Casanova Ordonez, Segundo Villota Segura, and Aldemar Villota Segura) as clients under false pretenses. Balagia and others claimed to the defendants that they had contacts who had the power to affect their criminal charges if the defendants would pay a large sum of money.

(Dkt. #232 at p. 10).

Particularly relevant here is a December 21, 2015, meeting between Defendant Balagia, Charles Norman Morgan, Adriana Morgan, Bibiana Correa Perea, and Segundo Villota-Segura ("Segundo Segura") at La Picota Prison in Bogota, Colombia (Dkt. #232 at p. 13). At the meeting, it was represented to Segundo Segura, a criminal defendant in a drug-trafficking case pending in the United States District Court for the Eastern District of Texas, that four people in Washington, D.C. had been bribed to assist Segundo Segura with the federal charges against him (Dkt. #232 at p. 16).[1] Segundo Segura remains in Colombian custody and is awaiting extradition to the United States (Dkt. #382 at p. 5).

Final pre-trial conference in this case was originally set for May 15, 2017, before United States District Judge Marcia Crone (Dkt. #28). On February 25, 2019, Judge Crone transferred the case to this Court (Dkt. #259). On April 24, 2019, the Court entered a Pretrial Order specially setting the case for trial on October 15, 2019 (Dkt. #287).

As the Court detailed in its prior order, multiple continuances have been granted in this case (Dkt. #359). The case has been specially set three times and continued six times (Dkt. #381). The October 15, 2019, trial date is over two-and-a-half years from the date of Defendant Balagia's arrest (Dkt. #381). Defendant has hired multiple attorneys, received multiple continuances, and has been granted additional CJA Co-Counsel in Matthew Hamilton to assist now-lead counsel, Gaylon Riddels (Dkt. #381).

---

[1] The meeting was recorded, though neither Defendant Balagia nor the Government explain who recorded it (Dkt. #380 at p. 3; Dkt. #382 at p. 2).

On September 30, 2019, Defendant Balagia filed his Motion to Sever Alleged Offenses (Dkt. #376). The Government responded on October 3, 2019 (Dkt. #383). On October 2, 2019, Defendant Balagia filed his Motion for Production of Witness or, in the Alternative, Motion for Continuance (Dkt. #380). The Government responded on October 3, 2019 (Dkt. #382).

## LEGAL STANDARDS

### I. Joinder of Offenses

Federal Rule of Criminal Procedure 8(a) and Rule 14(a) both address joinder of offenses in an indictment. Rule 8(a) establishes that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a). "Joinder of charges is the rule rather than the exception," and "Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)). Whether joinder is proper under Rule 8(a) is "determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (citations omitted). Once the Court determines that joinder is proper under Rule 8, the Court must decide whether joinder causes sufficient prejudice to require severance under Rule 14(a). *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010).

Rule 14(a) may be used to provide relief from prejudicial joinder:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). "Severance is required only in cases of compelling prejudice." *Rice*, 607 F.3d at 142 (citation and quotation omitted). Severance under Rule 14(a) is "drastic relief" that is

3

appropriate where the defendant convinces that Court that "without such drastic relief [he] will be unable to obtain a fair trial." *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973).

## II. The Confrontation Clause

The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. amend. VI. In its seminal Confrontation Clause case, *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court held that the Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." 541 U.S. at 53–54.

The phrase "testimonial statements" is crucial—only testimonial statements cause the declarant to qualify as a "witness" under the Clause. *Davis v. Washington*, 547 U.S. 813, 821 (2006) (citing *Crawford*, 541 U.S. at 51). After *Davis*, the "primary purpose" test determines whether a statement is testimonial or nontestimonial. *United States v. Duron-Caldera*, 737 F.3d 988, 992 (5th Cir. 2013) (citing *Davis*, 547 U.S. at 822); *see also Michigan v. Bryant*, 562 U.S. 344, 359–60 (2011). Under the primary-purpose test, "a statement is testimonial if its 'primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution.'" *Id.* (quoting *Davis*, 547 U.S. at 822). The primary-purpose test is an objective test, looking to the understanding that a reasonable person would have given the statement. *Bryant*, 562 U.S. at 360.

## ANALYSIS

## I. Joinder of Offenses Is Proper under Rule 8(a) and Rule 14(a)

Defendant Balagia submits that severance of any alleged offenses occurring between November 2011 and September 2012 is appropriate under Rule 8(a) and Rule 14(a) (Dkt. #376 at p. 3). Defendant Balagia argues that severance is appropriate under Rule 8(a) because the alleged offenses occurring between November 2011 and September 2012 cannot be of "similar character"

to the 2014–2015 offenses when they involved two separate conspiracies, different witnesses, and occurred at different times (Dkt. #376 at p. 4). Defendant Balagia then asserts that even if joinder is proper under Rule 8(a), the earlier-occurring offenses should be severed under Rule 14(a) because "the combination of testimony relating to each of the offenses may . . . caus[e] a conviction that might not otherwise occur" (Dkt. #376 at p. 5). The Court rejects both of Defendant Balagia's arguments.

Rule 8(a) favors joinder of offenses. *Bullock*, 71 F.3d at 174. This is evident from the text of the rule: initial joinder is appropriate where the offenses are of the "same or similar character, *or* are based on the same act or transaction, *or* are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a) (emphasis added). The 2011–2012 offenses and the later-occurring offenses both involve allegations that Defendant Balagia and others concocted schemes to defraud individuals accused of narcotics or drug trafficking by telling them that they could use their connections to influence pending cases (Dkt. #232 at p. 14–16). The 2011–2012 offenses and the later-occurring offenses are of "similar character" and are "connected with or constitute parts of a common scheme or plan." Accordingly, joinder of the offenses under Rule 8(a) was proper.

The Court also rejects Defendant Balagia's argument that severance is appropriate under Rule 14(a). Severance under Rule 14(a) is "drastic relief" that is appropriate if the prejudicial joinder will prevent a defendant from receiving a fair trial. *Perez*, 489 F.2d at 65. Defendant Balagia's one-paragraph argument[2] on prejudice does not explain how the Government's introduction of evidence involving the related 2011–2012 and 2014–2015 allegations discussed above would prevent him from receiving a fair trial. *See United States v. Reed*, 908 F.3d 102, 114

---

[2] Vague, unspecific assertions of prejudice do not warrant severance under Rule 14(a). *See United States v. Hall*, 741 F. App'x 251, 252 (5th Cir. 2018) (per curiam).

(5th Cir. 2018). Defendant Balagia may believe he has a better chance of acquittal if the offenses are severed (Dkt. #376 at p. 5). But that fact—true or not—does not sufficiently establish that Rule 14(a) severance is necessary. Because inclusion of the 2011–2012 offenses alongside the 2014–2015 offenses will not prevent Defendant Balagia from receiving a fair trial, the Court declines to sever the 2011–2012 offenses under Rule 14(a).[3]

## II. Segundo Segura's Statements Are Nontestimonial

Defendant Balagia argues that without being able to cross-examine Segundo Segura at trial, his Constitutional right to confront his accuser will be violated (Dkt. #380 at p. 1–2). Specifically, Defendant Balagia claims that the Government initiated its investigation into Defendant Balagia as a result of Segundo Segura's statements during the December 21 meeting, triggering the Confrontation Clause's protections (Dkt. #380 at p. 3). Defendant Balagia is incorrect.

Neither party questions that Segundo Segura is currently unavailable for trial because his extradition has been suspended by the Columbian government, and the Government does not argue that Defendant Balagia had a prior opportunity to cross-examine Segundo Segura. Thus, the only question is whether the Government plans to offer *testimonial* statements of Segundo Segura at trial. *See Crawford*, 541 U.S. at 53–54. It does not.

Segundo Segura's statements at the December 21 meeting were not made with the primary purpose of establishing or proving past events relevant to Defendant Balagia's later criminal prosecution. *See Duron-Caldera*, 737 F.3d at 992. Nor do the statements fall within the "core class" of testimonial statements. *See Crawford*, 541 U.S. at 51–52 (listing examples). At the December 21 meeting, Segundo Segura: (1) confirmed that Segundo Segura paid money in order

---

[3] The Government argues that, even if the offenses were severed, evidence of both schemes would be properly admitted at trial under Federal Rule of Evidence 404(b) (Dkt. #383 at p. 6). Because the Court finds that Defendant did not sufficiently state grounds for prejudice to warrant severance under Rule 14(a), the Court does not address the Government's argument.

to bribe United States officials in connection with *his own* pending criminal charges; and (2) requested the names of the officials who were supposedly bribed (Dkt. #382 at p. 2). Defendant asserts that these questions seem "contrived and preplanned" (Dkt. #380 at p. 2), ostensibly suggesting that Segundo Segura was attempting to prove past events relevant to Defendant Balagia's later criminal prosecution. The Court does not accept Defendant Balagia's conjecture.

The statements themselves, viewed from the perspective of an objective listener, were not made for the primary purpose of creating a trail of evidence for use at Defendant Balagia's trial. A reasonable person, considering all the surrounding circumstances, would conclude that the primary purpose of Segundo Segura's statements was to ensure that efforts to defend against *his* criminal prosecution were going according to plan. Because the primary purpose of Segundo Segura's December 21 statements was nontestimonial, Defendant Balagia's rights under the Confrontation Clause are not violated if Segundo Segura is unavailable to testify at trial.

Additionally, the Government claims that Segundo Segura's statements were made as Defendant Balagia's co-conspirator under Federal Rule of Evidence 801(d)(2)(e) (Dkt. #382 at pp. 1–2). If the Government meets its burden at trial of admitting Segundo Segura's statements under Rule 801(d)(2)(e),[4] Defendant Balagia's Confrontation Clause argument will be foreclosed on an alternative ground. "[I]t is well-settled within this Circuit that co-conspirator statements are non-testimonial." *United States v. Gurrola*, 898 F.3d 524, 535 n.17 (5th Cir. 2018) (citing *United States v. Holmes*, 406 F.3d 337, 347–48 (5th Cir. 2005)). That is true even if the co-conspirator's statement is recorded. *See United States v. Hinojosa*, 463 F. App'x 432, 447 n.8 (5th Cir. 2012)

---

[4] The Government "must show by a preponderance of the evidence that (1) a conspiracy existed, (2) the statement was made by a co-conspirator of the opposing party, (3) the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." *United States v. Gurrola*, 898 F.3d 524, 535 (5th Cir. 2018)

(citing *United States v. King*, 541 F.3d 1143, 1146 (5th Cir. 2008); *United States v. Davis*, 270 Fed. App'x. 236, 247 n.9 (4th Cir. 2008)).

Segundo Segura's statements are nontestimonial under both the primary-purpose test and, if the Government establishes that the statements are admissable under Rule 801(d)(2)(e) at trial, the well-established rule that co-conspirator statements are nontestimonial.[5]

### III. A Continuance Is Not Warranted

Because the Court finds that there is no Confrontation Clause violation, it turns to Defendant Balagia's request to continue the trial until Segundo Segura is made available or deposed. A continuance is not warranted. The Court has broad discretion in deciding whether to grant a continuance, and the Fifth Circuit has laid out a four-factor test to guide the analysis:

> When a defendant requests a continuance based on an unavailable witness, he must demonstrate: (1) that due diligence was exercised to obtain the attendance of the witness; (2) that the witness would tender substantial favorable evidence; (3) that the witness will be available and willing to testify; and (4) that denial of the continuance would materially prejudice the movant.

*United States v. Piper*, 912 F.3d 847, 858 (5th Cir. 2019) (citation and quotation omitted). Defendant Balagia does not demonstrate that he is entitled to a continuance under any of the four factors.

---

[5] Defendant Balagia also alleges that his rights under the Fifth Amendment's Due Process Clause are violated by his inability to cross-examine Segundo Segura at trial (Dkt. #380 at p. 3). Defendant cites just one case: *Chambers v. Mississippi*, 410 U.S. 284 (1973). *Chambers* states that the "right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the [Government's] accusations." 410 U.S. at 294. In *Chambers*, the defendant was unable to cross-examine McDonald, a witness who had previously confessed to the murder defendant was charged with before repudiating his confession and pinning the murder on the defendant. *Id.* at 287–88. McDonald was present and under oath at the trial. *Id.* at 297, 301. While the Supreme Court did hold that defendant's rights under the Due Process Clause were violated, the Court explained that its holding rested on the fact that the trial court prevented the defendant from examining any of the three *other* witnesses that would have testified to the statements McDonald purportedly made. *Id.* at 298.

Not including Defendant Balagia himself, Defendant Balagia may call three other witnesses who attended the December 21 meeting (Dkt. #380 at p. 1; Dkt. #388). And unlike McDonald, who was not allowed to testify despite being present and under oath at the trial, Segundo Segura is in Colombia and is unavailable to testify. Defendant Balagia's due-process rights are not violated by his inability to cross-examine Segundo Segura under *Chambers*'s narrow holding.

First, Defendant Balagia has not exercised due diligence to obtain the attendance of Segundo Segura or, in the alternative, depose Segundo Segura. As of October 16, 2018—nearly one year ago—Defendant Balagia knew that Segundo Segura refused to travel to the United States and had claimed FARC membership in order to avoid extradition (Dkt. #198 at p. 2). That is the very reason why Defendant Balagia requested authorization under Federal Rule of Criminal Procedure 15 to take depositions of eight foreign-based witnesses, including Segundo Segura (Dkt. #198 at p. 2). On December 7, 2018, United States Magistrate Judge Christine Nowak denied Defendant Balagia's request to depose Segundo Segura under Rule 15 (Dkt. #207). Judge Nowak's order delineated the requirements of Rule 15(a) and quite clearly told Defendant Balagia why his request to depose Segundo Segura was denied: "*At present*, however, Defendant also has not persuasively demonstrated that this witness is unavailable. Defendant has provided *no affidavits, declarations, or any other evidentiary support* that Segundo Segura would be unavailable to testify at trial." (Dkt. #207 at p. 4) (emphasis added).

Ten months have passed since Judge Nowak denied Defendant Balagia's Rule 15 deposition request. Defendant Balagia has not come forward with any affidavits. Defendant Balagia has not come forward with any declarations. Nor has Defendant Balagia reurged his Rule 15 motion with any other form of evidentiary support. Now, on the eve of trial, Defendant Balagia requests a continuance because Segundo Segura is unavailable and has not been deposed. Defendant Balagia has not exercised due diligence under the first factor of the analysis.[6]

Second, Defendant Balagia has not shown that Segundo Segura would tender substantially favorable evidence. Other than a conclusory statement that his testimony will "provide evidence

---

[6] In his Rule 15 motion, Defendant Balagia made a passing reference to the fact that Segundo Segura had claimed FARC membership in order to avoid extradition (Dkt. #198 at p. 2). Judge Nowak's order denying the Rule 15 deposition does not squarely address this issue. But Defendant Balagia never appealed Judge Nowak's order. And as discussed above, Defendant Balagia had months to reurge his Rule 15 motion but never did.

of [Defendant Balagia's] defenses," Defendant Balagia does not elaborate as to how Segundo Segura's testimony would yield *substantially* favorable evidence. Defendant Balagia has not met the second factor of the test.

Third, Defendant Balagia has not shown that Segundo Segura would be available and willing to testify even if the Court granted a continuance. As previously discussed, Segundo Segura is facing federal drug-trafficking criminal charges. Defendant Balagia has not shown that Segundo Segura would waive his Fifth Amendment right against self-incrimination and testify.[7] Further, as Defendant Balagia himself acknowledges, Segundo Segura has refused to travel to the United States and has claimed FARC membership in order to avoid extradition (Dkt. #198 at p. 2). Even with a continuance, Defendant Balagia has not shown that Segundo Segura will ever be made available for trial.

Finally, Defendant Balagia has not shown that denial of the continuance would materially prejudice him. There were five participants at the December 21 meeting (Dkt. #380 at p. 1). Only Segundo Segura is unavailable to testify. Three other witnesses are available to testify at trial about Segundo Segura's statements during the December 21 meeting (Dkt. #388).[8] Defendant Balagia has not made clear what evidence Segundo Segura can testify to that the other witnesses cannot.

This case has been specially set three times and continued six times (Dkt. #381). Defendant Balagia has not shown that a single factor weighs in favor of granting a continuance. Accordingly, Defendant Balagia's request for a continuance is denied.

---

[7] As the Government pointed out in the hearing on Defendant Balagia's motions, Segundo Segura is represented by counsel. But there is no evidence that Defendant Balagia ever reached out to Segundo Segura's counsel to discuss Segundo Segura's willingness to waive his Fifth Amendment right.

[8] If Defendant Balagia chooses to testify, there will be four witnesses testifying who were at the December 21 meeting.

## CONCLUSION

It is therefore **ORDERED** that Defendant Balagia's Motion to Sever Alleged Offenses (Dkt. #376) and Motion for Production of Witness or, in the Alternative, Motion for Continuance (Dkt. #380) are hereby **DENIED**.

**SIGNED this 9th day of October, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE