# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 4:16-CR-00176 |
| | § | Judge Mazzant |
| JAMES MORRIS BALAGIA (3) | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant James Morris Balagia's Motion to Dismiss Count One(a), Count One(c), Count Two, and Count Three of the Indictment for Failure to State an Offense (Dkt. #414). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

The original Indictment in this case was returned on December 15, 2015. On February 9, 2017, a Superseding Indictment was returned—the Superseding Indictment included charges against Defendant Balagia. Defendant Balagia is an attorney licensed in Texas (Dkt. #232). Under the operative, Fourth Superseding Indictment returned on January 9, 2019, the Government charges Defendant Balagia with five counts: (1) Conspiracy to Commit Money Laundering; (2) Obstruction of Justice and Aiding and Abetting; (3) Violation, Endeavor, and Attempt to Violate the Kingpin Act; (4) Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1343; and (5) Conspiracy to Obstruct Justice (Dkt. #232).

These charges stem from Defendant Balagia's representation of Columbian citizens in drug-related, criminal matters (Dkt. #232). The following excerpt from the Fourth Superseding Indictment provides some context for the charges:

> Balagia and others would solicit federal criminal defendants (including Hermes Casanova Ordonez, Segundo Villota Segura, and Aldemar Villota Segura) as clients under false pretenses. Balagia and others claimed to the defendants that they had contacts who had the power to affect their criminal charges if the defendants would pay a large sum of money.

(Dkt. #232 at p. 10).

Final pre-trial conference in this case was originally set for May 15, 2017, before United States District Judge Marcia Crone (Dkt. #28). On February 25, 2019, Judge Crone transferred the case to this Court (Dkt. #259). On April 24, 2019, the Court entered a Pretrial Order specially setting the case for trial on October 15, 2019 (Dkt. #287). As the Court detailed in its prior order, multiple continuances have been granted in this case (Dkt. #359). The case has been specially set three times and continued six times (Dkt. #381). The October 15, 2019, trial setting is over two-and-a-half years from the date of Defendant Balagia's arrest (Dkt. #381). Defendant has hired multiple attorneys, received multiple continuances, and has been granted additional CJA Co-Counsel in Matthew Hamilton to assist now-lead counsel, Gaylon Riddels (Dkt. #381).

After numerous, unsuccessful requests for a continuance leading up to the trial date, Defendant Balagia filed his Motion to Dismiss Count One(a), Count One(c), Count Two, and Count Three of the Indictment for Failure to State an Offense on October 14, 2019—the day before trial (Dkt. #414). The Government responded on October 14, 2019 (Dkt. #418).

## LEGAL STANDARD

An indictment is subject to dismissal for the Government's failure to state an offense. *See* FED. R. CRIM. P. 12(b)(3)(B). This means that, taking the Government's allegations as true, *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011), the indictment must state the elements of each offense and facts "sufficient to permit the defendant to plead former jeopardy in a subsequent prosecution." *United States v. Contris*, 592 F.2d 893, 896 (5th Cir. 1979). Indictments are read as a whole, and "[t]he sufficiency of an indictment is to be tested by practical rather than technical

considerations." *Id.* "[T]he law does not compel a ritual of words." *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007). As such, an indictment will not be dismissed based on minor deficiencies or because it "could have been more artfully or precisely drawn." *Contris*, 592 F.2d at 896.

Courts generally measure the sufficiency on an indictment "by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999) (citation omitted).

## ANALYSIS

The Court denies Defendant Balagia's motion to dismiss on two, independent grounds: (1) procedurally, the motion—filed the day before trial—is untimely, and Defendant Balagia has not identified good cause for the untimely filing; and (2) substantively, the motion fails on its merits.

### I. Defendant Balagia's Motion is Denied as Untimely

Under Federal Rule of Criminal Procedure 12, the Court may issue an order establishing a specific deadline for the parties to file pretrial motions. FED. R. CRIM. P. 12(c)(1). If a party files a 12(b)(3) motion after the Court's deadline, the motion is untimely. FED. R. CRIM. P. 12(c)(3). For the Court to consider an untimely motion, the moving party must show good cause. FED. R. CRIM. P. 12(c)(3).

Defendant Balagia's 12(b)(3) motion was filed on October 14, 2019 (Dkt. #414). This was after the Court's pretrial-motion deadline—a deadline that the Court had previously extended from October 4, 2019, to October 7, 2019 (Dkt. #394). And Defendant Balagia has not established good cause as to why the Court should consider the untimely motion.

3

Defendant Balagia asserts that the Court must consider his motion to dismiss because "[a]n indictment's failure to charge an offense constitutes a jurisdictional defect, and an objection may be raised at any time." (Dkt. #414 at p. 2). Defendant Balagia is mistaken. As the United States Supreme Court explained in *United States v. Cotton*, 535 U.S. 625 (2002), the notion that an indictment's defect is jurisdictional is anachronistic. 535 U.S. at 630. It does not comport with the modern understanding of subject-matter jurisdiction, which is not waivable and concerns the power of a court to adjudicate a case. 535 U.S. at 630–31. Consequently, the Supreme Court has "departed" from the view that "indictment defects are 'jurisdictional.'" *Id.* at 631.

In *United States v. Longoria*, 298 F.3d 367 (5th Cir. 2002) (en banc) (per curiam), the Fifth Circuit examined *Cotton* and, in light of *Cotton*'s holding, overruled several cases to the extent they treated an indictment's failure to allege an element of the offense as jurisdictional—including the case defendant cites, *United States v. Cabrera-Teran*, 168 F.3d 141 (5th Cir. 1999). *Longoria*, 298 F.3d at 372 n.6. Because the indictment's alleged defects do not implicate the Court's jurisdiction, Defendant Balagia's argument that his motion to dismiss may be raised at any time is erroneous. Thus, without a showing of good cause, the Court may not consider Defendant Balagia's untimely motion.

Defendant Balagia has not identified good cause for his untimely filing. Defendant Balagia does not address the issue of good cause in his motion, relying on his flawed argument that the Court is required to consider the motion because an indictment defect is jurisdictional. At a hearing the morning of trial, Defendant Balagia argued that good cause exists for the Court to consider the motion because Defendant Balagia's CJA counsel have recently taken over the case and discovered

the alleged indictment defect as quickly as practicable.[1] But the Fourth Superseding Indictment was returned on January 9, 2019 (Dkt. #232). Defendant Balagia's previous counsel had months to file a 12(b)(3) motion. They did not. In total, Defendant Balagia had from January 9, 2019, through October 7, 2019—272 days—to file a 12(b)(3) motion. He did not. And if merely having new counsel constituted good cause to file an untimely 12(b)(3) motion, criminal defendants could vitiate the Court's mandatory deadlines by switching counsel after the pretrial-motion deadline passed.[2]

Since Defendant Balagia's motion was untimely and no good cause was shown, the Court denies the motion on procedural grounds. *See Brooks v. United States*, 416 F.2d 1044, 1048 (5th Cir. 1969) (holding that district court did not abuse its discretion in declining to consider an untimely 12(b)(3) motion); *see also United States v. Jennings*, 991 F.2d 725, 730 (11th Cir. 1993) (same); *United States v. Riecke*, No. CRIM.A.3:06-CR-109-G, 2006 WL 2381595, at *2 (N.D. Tex. Aug. 17, 2006) (same).

## II. Defendant Balagia's Motion Fails on its Merits

Defendant Balagia argues that counts one(a), one(c), two, and three of the Fourth Superseding Indictment should be dismissed because they fail to state an offense against the United States (Dkt. #414 at p. 1). Defendant Balagia is incorrect—all challenged counts of the Fourth Superseding Indictment are sufficient to survive his motion to dismiss. According to Defendant

---

[1] The Court appointed Gaylon Riddels as co-counsel on August 1, 2019 (Dkt. #348). On September 25, 2019, Mr. Riddles took over as lead counsel for Defendant Balagia, and on September 26, 2019, the Court appointed Matthew Hamilton as co-counsel (Dkt. #372).

[2] This would be a particularly fruitful strategy for defendants who, like Defendant Balagia, have made several attempts to delay the trial date. In effect, were Defendant Balagia's good-cause argument meritorious, defendants could use the filing of an untimely motion on the eve of trial as a method to obtain a continuance that the Court would otherwise deny. *See Brooks v. United States*, 416 F.2d 1044, 1047–48 (5th Cir. 1969) ("On the day the trial was to begin, when this motion attacking the jury venire was presented, the trial court, after hearing counsel, said that from counsel's statement, from the length of time the indictment had been pending and the length of time from the arraignment, the court felt that the motion was filed primarily to obtain a continuance.")

Balagia's motion to dismiss, count one(a) is conspiracy to commit money laundering under 18 U.S.C. § 1956(a)(3); count one(c) is conspiracy to commit money laundering under 18 U.S.C. § 1957; count two is obstruction of justice; and count three is violation of the Kingpin Act (Dkt. #414). The Court addresses and rejects Defendant Balagia's argument that these counts are deficient in turn.

### A. The Fourth Superseding Indictment Is Not Deficient as to Count One, Conspiracy to Commit Money Laundering

Defendant Balagia first contends that counts "one(a)" and "one(c)" are deficient because the elements of the *substantive* offence—money laundering under 18 U.S.C. § 1956(a)(3) and 18 U.S.C. § 1957—are deficient (Dkt. #414 at pp. 3–5). Defendant Balagia's argument misses the mark.

Count one is *conspiracy* to commit money laundering. Crucially, "[i]t is settled law that conspiring to commit a crime is an offense wholly separate from the crime which is the object of the conspiracy." *Threadgill*, 172 F.3d at 367 (citation omitted). The Fifth Circuit has "consistently held that a conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit." *Id.* Defendant Balagia does not argue that he was not properly charged with the crime of *conspiracy* to commit money laundering, but that elements of the substantive offense of money laundering are missing from the indictment. Accordingly, the Court rejects Defendant Balagia's argument that counts one(a) and one(c) are deficient.

### B. The Fourth Superseding Indictment Is Not Deficient as to Count Two, Obstruction of Justice

Defendant Balagia next argues that count two of the indictment is deficient because it fails to allege a nexus between the obstructive conduct and the obstruction of a particular court proceeding (Dkt. #414 at p. 6). Count two of the indictment is obstruction of justice and aiding and abetting under 18 U.S.C. § 1503. The three essential elements of this crime are: "(1) that a

judicial proceeding was pending; (2) that the defendant had knowledge of the judicial proceeding; and (3) that the defendant acted corruptly with the specific intent to influence, obstruct, or impede that judicial proceeding in its due administration of justice." *United States v. Richardson*, 676 F.3d 491, 502 (5th Cir. 2012) (citation omitted). It is the "interplay between these three elements" that is the "nexus" requirement. *Id.* (citing *United States v. Aguilar*, 515 U.S. 593, 599 (1995)). "Put another way, the Court has stated 'the endeavor must have the natural and probable effect of interfering with the due administration of justice.'" *Id.* (quoting *Aguilar*, 515 U.S. at 599).

The indictment, read as a whole, alleges that: (1) three specific judicial proceedings were pending; (2) Defendant Balagia had knowledge of all three judicial proceedings; and (3) Defendant Balagia "did knowingly and intentionally corruptly endeavor to influence, obstruct and impede the due administration of justice" by representing to the defendants in the three specific judicial proceedings that Defendant Balagia and others could influence government officials in relation to those cases, which hampered further cooperation by the defendants in all three cases (Dkt. #232 at p. 5). Taken as true, these allegations satisfy the nexus requirement, describe the elements of obstruction of justice with particularity, and are specific enough to protect the defendant against a subsequent prosecution for the same offense. Accordingly, the Court rejects Defendant Balagia's argument that count two is deficient.

### C. The Fourth Superseding Indictment Is Not Deficient as to Count Three, Violation of the Kingpin Act

Finally, Defendant Balagia argues that count three of the indictment is deficient because it fails to allege any mens rea (Dkt. #414 at pp. 7–8).[3] Count three of the indictment is Violation, Endeavor, and Attempt to Violate the Kingpin Act. Count three explicitly re-alleges and

---

[3] Defendant Balagia asserts that the correct mens rea for this offense is "willfully" (Dkt. #414 at p. 7), while the Government submits that it is "knowingly" (Dkt. #418 at p. 7). Even assuming without deciding that "willfully" is the correct mens rea, the indictment is not deficient.

7

incorporates by reference all prior allegations (Dkt. #232 at p. 6). This includes the allegations that Defendant Balagia acted "willfully" and "intentionally" (Dkt. #232 at pp. 3, 5). Additionally, when a defendant argues that an indictment is deficient for failing to allege the scienter requirement, the Court must "consider all the allegations in the indictment when determining whether [mens rea] is fairly imported." *United States v. Henry*, 288 F.3d 657, 662 (5th Cir. 2002). The Fifth Circuit has explained that, when reinforced by the statutory reference, language in the indictment that the defendant's conduct "caused" the alleged crime fairly conveyed the "knowingly or intentionally" mens rea element. *Henry*, 288 F.3d at 662 (citation and quotation omitted).

In addition to incorporating by reference allegations of Defendant Balagia's intentional and willful conduct, count three of the indictment contains statutory references and alleges that Defendant Balagia "endeavored, attempted, and did engage in such transactions that evaded, avoided, and had the effect of evading and avoiding the prohibitions of the Kingpin Act." (Dkt. #232 at p. 8). "Endeavor" means to "exert physical or intellectual strength toward the attainment of an object or goal." *Endeavor*, BLACK'S LAW DICTIONARY (10th ed. 2014). "Attempt" means "[t]he act or an instance of making an effort to accomplish something . . . ." *Attempt*, BLACK'S LAW DICTIONARY (10th ed. 2014).[4] The plain meaning of both allegations implicates willful conduct.

Just as an indictment's allegation that the defendant "caused [marijuana] to be imported" fairly conveys a "knowingly or intentionally" mens rea, *Henry*, 288 F.3d at 662 (citation and quotation omitted), the indictment's allegation that Defendant Balagia "endeavored, attempted,

---

[4] Further, in criminal law, "[t]he *mens rea* requirement for the crime of attempt is, in its most basic formulation, 'an intent to commit some other crime.'" *United States v. Sanchez*, 667 F.3d 555, 561 (5th Cir. 2012) (quoting 2 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 11.3 (2d ed. 2003)).

8

and did engage" in actions that violated the Kingpin Act fairly conveys the "willfully" mens rea that Defendant Balagia maintains is lacking. And, because the Fourth Superseding Indictment couples these allegations of willful conduct with the correct statutory citations, the indictment is "sufficient to permit the defendant to plead former jeopardy in a subsequent prosecution." *Contris*, 592 F.2d at 896. Accordingly, the Court rejects Defendant Balagia's argument that count three is deficient.

## CONCLUSION

It is therefore **ORDERED** that Defendant James Morris Balagia's Motion to Dismiss Count One(a), Count One(c), Count Two, and Count Three of the Indictment for Failure to State an Offense (Dkt. #414) is hereby **DENIED** on two independent grounds: (1) procedurally, the motion—filed the day before trial—is untimely; and (2) substantively, the motion fails on its merits.

**SIGNED this 22nd day of October, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE