IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR176 |
| | § | Judge Mazzant |
| JAMES MORRIS BALAGIA | § | |
| a.k.a. "DWI Dude" | § | |

### GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO ITS MOTION FOR INTERLOCUTORY SALE OF PROPERTY

### I. GOVERNMENT HAS SHOWN GROUNDS EXIST FOR INTERLOCUTORY SALE

In its Motion for Interlocutory Sale, the Government presented the factual and statutory bases allowing the Court to issue an order for interlocutory sale. The Government then explained how several of the statutory conditions allowing for interlocutory sale existed here.

In his response to the Government's motion for interlocutory sale, Defendant James Balagia claims "[t]he court does not have authority [to order interlocutory sale] because none of the property are in default." *See* Dkt. No. 466, p. 2. That simplistic argument conveniently ignores the full language of the statute, which allows interlocutory sale of property if *any* of the following conditions exist:

(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

  (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;

  (C) the property is subject to a mortgage or to taxes on which the owner is in default; or

  (D) the court finds other good cause.

FED. R. CIV. P. SUPP. G(7)(b)(i).

  The statute makes clear that a property need not be in default for the Court to order interlocutory sale. As explained below, Balagia actually is in default on two of the parcels of real property in question—which would allow interlocutory sale. And regardless of whether default has occurred, good cause exists for the Court to order interlocutory sale of all the real property.

**A.** **Balagia is in default on 310 Murray Avenue and 15612 Littig Road.**

  With respect to 310 Murray Avenue, Balagia owes more than $40,000 in delinquent property taxes for 2018 and 2019. *See* Exhibit A, Travis County Tax Office records. Travis County did not start the foreclosure process because the Government filed a *lis pendens* on that property incident to this prosecution.

  With respect to 15612 Littig Road, Balagia is in default because he has not made a single mortgage payment since August 2019. *See* Exhibit B, Email from Counsel for Security Service Federal Credit Union ("SSFCU"); *see also* Dkt. No. 461 (SSFCU's

Verified Claim). The Government specifically referenced Balagia's mortgage delinquency in its motion for interlocutory sale. *See* Dkt. No. 462.

B. **"Other good cause" exists to order interlocutory sale on all the real property in question.**

Aside from (or in addition to) Balagia's default on two of the properties in question, the Court has the authority to order interlocutory sale on all of the real property in question. FED. R. CIV. P. SUPP. G(7)(b)(i)(D). Balagia instructed his children to liquidate his assets and keep the sales proceeds for themselves, which would have thwarted the Government's collection efforts here. *See* Dkt. No. 446-1, ¶ 6 (Declaration of Jason Rennie). He admitted that neither he nor they could afford the keep the real property and that they should fire-sale "the whole thing." *Id.*[1] If interlocutory sale is not allowed here, Balagia could conceivably take further steps to attempt to avoid the monetary consequences of his criminal conduct.[2] He is a lawyer and has lawyer friends in Austin that could help him or his children sell these properties notwithstanding the Government's immediate efforts to preserve those properties and maximize the recovery from their sale. *See* Dkt. No. 446-1, ¶ 6.

And although Balagia has not yet defaulted on the 160 acres in Manor, other good cause exists for the Court to allow interlocutory sale. Specifically, those 160 acres are

---

[1] Balagia's instructions to his children to sell off his property satisfy other statutory grounds allowing for interlocutory sale, including FED. R. CIV. P. SUPP. G(7)(b)(i)(A) and (B).
[2] Such a fraudulent transfer, if completed, could be actionable under 28 U.S.C. § 3301, *et seq*.

only accessible through 15612 Littig Road, which, as explained above, Balagia *did* default on. *See* Dkt. No. 446-1, ¶ 10. If 15612 Littig Road is foreclosed upon by the mortgage company or is sold through interlocutory sale (and the 160 acres is not), the 160 acres become inaccessible from the main road—and therefore far less valuable. Conversely, if the 160 acres are sold at the same time as 15612 Littig Road, there is a greater opportunity for both properties to be sold for top dollar.

Given the amount of the money judgment and the value of the real property, it behooves both the Government and Balagia (who gets dollar-for-dollar credit against his money judgment from the sale of the substitute assets) to have these properties sold immediately as proposed in the Motion for Interlocutory Sale.

## II. *HONEYCUTT* SUPPORTS THE FORFEITURE MONEY JUDGMENT HERE

The remainder of Balagia's objection to the Government's motion is a cut-and-paste rehash of his prior arguments concerning the amount of the forfeiture money judgment and *Honeycutt*. *See* Dkt. No. 454 (Defendant's Motion for Reconsideration). The Government already addressed those issues in the Government's Motion for Preliminary Order of Forfeiture (Dkt. No. 446) and the Government's Response in Opposition to Defendant's Motion for Reconsideration (Dkt. No. 457). As explained there, *Honeycutt* does not limit Balagia's forfeiture liability because he was the criminal mastermind of the entire criminal enterprise and not some incidental downstream player. *See United States v. Leyva*, 916 F.3d 14, 31 (D.C. Cir. 2019) (distinguishing *Honeycutt* in

case where defendant was leader of criminal organization). The evidence at trial proved that Balagia was the "brains" of the operation, directing his co-conspirators what to do, when to do it, and where to do it. According to the Supreme Court, a mastermind like Balagia can and should face forfeiture liability for the entire amount of criminal proceeds derived by the criminal enterprise at his direction. *United States v. Honeycutt*, 137 S.Ct. 1626, 1633 (2017).

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the court order the interlocutory sale of the property described herein on the terms and conditions set forth in the proposed order previously submitted to the Court.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ Robert Austin Wells*
ROBERT AUSTIN WELLS
Assistant United States Attorney
Texas State Bar No. 24033327
110 N. College, Suite 700
Tyler, Texas 75702
Tel: (903) 590-1400
robert.wells3@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

*United States v. James Morris Balagia:*
Government's Reply to Defendant's
Response to Its Motion for Interlocutory Sale                                                                 Page 5

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2020, a true and correct copy of this document was served on all counsel of record by way of the Court's CM/ECF system.

                                               */s/ Robert Austin Wells*
                                               ROBERT AUSTIN WELLS
                                               Assistant United States Attorney