THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DVISION

DATE   05/03/2021

| DISTRICT JUDGE<br>Amos L. Mazzant, III | COURT REPORTER:   Lori Barnett<br>COURTROOM DEPUTY:  Keary Conrad |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>JAMES MORRIS BALAGIA (3) | CASE NUMBER 4:16-CR-176 |

| ATTORNEY FOR GOVERNMENT | ATTORNEY FOR DEFENDANT |
|---|---|
| Heather Rattan, Jay Combs, Robert Wells, AUSA | Matthew Hamilton and Gaylon Riddels |

On this day, came the parties by their attorneys and the following proceedings were held in Sherman, TX:

| TIME: | MINUTES:   Sentencing |
|---|---|
| 2:02 p.m. | Court in session. Court notes appearances. Parties have reviewed PSR. Defendant acknowledges he fully understands the PSR. Defendant acknowledges that it adequately covers background. Defendant acknowledges that the personal factual information is correct. No additions, corrections, or comments by the Government. No additions, corrections, or comments by counsel for the Defendant. |
| 2:06 p.m. | Court begins with objections.<br>**Obj 1**: Defendant objects to paragraphs 8 through 22, which is the Offense Conduct section of the Presentence Report because the jury convicted. Court overrules objection 1. The jury convicted Defendant of charges.<br>**Obj 2**: Defendant objects to the source of the information presented in the Presentence Report. He argues the information was not provided to the defendant through discovery or is not supported by actual evidence. Court overrules objection 2.<br>**Obj 3-17**: Defendant makes several objections to information contained in each paragraph of the Offense Conduct section. Court overrules objection.<br>**Obj 18**: The defendant objects to paragraph 26 and argues the Court should use the 2020 Guidelines Manual instead of the 2018 Guidelines Manual. Defendant withdraws objection.<br>**Obj 19**: The defendant objects to paragraph 27 and argues the jury should have been asked which transaction(s) they believed constituted money laundering. Alternatively, he argues the total for which is accountable should be only $451,059, which is the total received for the legal representation of his clients, and no more than $1,051,059. Court overrules objection.<br>**Obj 20**: The defendant objects to paragraph 28 and argues he did not know or believe the attorney fees he received were the proceeds from the distribution of a controlled substance; therefore, the six-level enhancement should not apply. Court overrules objection based on preponderance of the evidence. |

**Obj 21**: The defendant objects to paragraph 29 and asserts the two-level adjustment under USSG§2S1.1(b)(2)(B) should not apply because the defendant was convicted of a conspiracy under 18U.S.C. § 1956(h) and the sole object of the conspiracy was to commit an offense under 18 U.S.C.§ 1957. Court overrules objection.

**Obj 22, 26, 36**:   The defendant objects to paragraphs 31, 38, and 54 and contends a two-level adjustment under USSG § 3B1.3 (Abuse of Position of Trust or Use of Special Skill) should not apply. Court overrules the objection and finds the enhancement was appropriately given.

**Obj 23, 27, 37**: The defendant objects to a leadership role listed in paragraphs 32, 39, and 55 and asserts Morgan was the leader/organizer of the criminal activity and that Morgan and Perea approached the defendant to assist with their plans, which had already commenced through the recruitment of clients and negotiations of fees. Defendant's counsel offers Exhibits 1-18 provided to the Court on a flash drive. No objection by the Government. Court admits the exhibits for purposes of sentencing. Court hears argument from Defendant's counsel regarding leadership. Court hears response from Government. Court overrules the objection.   Court sees Balagia as a leader of this process. Court incorporates the probation officers response and finds it is clear under preponderance of the evidence that Mr. Balagia is a leader.

**Obj 24**: Court overrules objection.

**Obj 25**: The defendant objects to paragraph 36 and asserts a three-level adjustment for obstructing justice should not apply because his conduct did not lead to a public corruption investigation or the delay of the prosecution of a cocaine manufacturer. Court hears argument from Defendant's counsel Matthew Hamilton and response from Government AUSA Heather Rattan. Court overrules Defendant's oral argument of double counting.   Court overrules the Defendant's objection by preponderance of the evidence. Court finds the enhancement was properly applied.

**Obj 30**: The defendant objects to paragraph 42 and argues the most analogous offense to Evading, Avoiding, Endeavoring, and Attempting to Commit Violations of the Kingpin Act (Count 3) is not Money Laundering, but it is instead a regulatory, registration, or recordkeeping offense such as Antitrust Offenses listed in Part R of the Guidelines Manual (USSG §2R1.1), Offenses Involving Taxation listed in Part T of the Guidelines Manual (USSG §§2T1.1, 2T2.2, and 2T3.1), or Offenses Involving Drugs and Narco-Terrorism listed in Part D of the Guidelines Manual (USSG §2D3.2). Court hears argument from Defendant's counsel Matthew Hamilton and response from Government AUSA Heather Rattan. Court overrules the Defendant's objection by preponderance of the evidence. Criminal behavior involved here is money laundering and most appropriate is looking at the money laundering.

**Obj 31**: The defendant objects to the application of a two-level increase for his leadership role under USSG §3B1.3 in paragraph 45. It is his position the SDN List is a specific offense characteristic, thereby prohibiting the use of 3B1.3. He further asserts the adjustment is not appropriate because he performed legal services in exchange for money. Court overrules Defendant's objection.

**Obj 33**: The defendant objects to paragraph 50 and contends there is no intended loss because there are no victims of this offense; rather, he entered contracts to represent clients and was paid fees to accomplish that task. Further, because the jury did not make a specific finding as which victims suffered loss, a finding of loss in excess of $50,000 would be a due process violation.   Court overrules Defendant's objection. Court finds by preponderance of the evidence this is supported.

|  | |
|---|---|
|  | **Obj 34**: The defendant objects to paragraph 51 of the Presentence Report and argues a two-level increase to the offense level under USSG §2B1.1(b)(9)(C) for the offense involving a violation of an administrative order is inapplicable. It is his contention the Department of Treasury's Office of Foreign Assets Control (OFAC) SDN List is not mentioned in Count 4 of the Fourth Superseding Indictment, on the jury instructions for that count of conviction, or on the verdict form for that count of conviction, therefore, a violation of the OFAC regulations is not part of the offense of wire fraud. Court overrules the Defendant's objection and incorporates the probation officers' response. |
| 3:05 p.m. | **Obj 35**:   The defendant objects to paragraph 52 and contends a two-level adjustment under USSG §2B1.1(b)(10)(B) is not warranted because there are only three occasions that involve international travel; the defendant's law practice is in Texas and the majority of the activities occurred in Texas. Court hears argument from counsel. Court overrules the Defendant's objection and finds that the scheme was centered outside the United States. |
| 3:12 p.m. | Court notes he allowed the Defendant to file Pro Se Objections.  Court does not allow hybrid representation.   Court asks if there are any of the Defendants objections that have not been previously addressed. Court notes that the Court has reviewed all the pro se objections. |
| 3:13 p.m. | The Court notes Defendant was convicted by a jury of Counts 1-5 of the Fourth Superseding Indictment. |
| 3:14 p.m. | TOL: 38, CHC I, Count 1: 235-293 months imprisonment. Court notes the receipt and review of letters on behalf of the Defendant. Court notes there is a wide range of support for the Defendant. Court notes review of the sentencing memorandum and the awards received by the Defendant. |
| 3:16 p.m. | Court hears from Defendant's counsel requesting that 17 character witnesses be allowed to speak on behalf of the Defendant. |
| 3:17 p.m. | Court allows Defendant's counsel 5 character witnesses. |
| 3:19 p.m. | AUSA Heather Rattan requests that the rule be invoked.   Court denies the Government's request. |
| 3:20 p.m. | Defendant's counsel, Gaylon Riddels calls Rhidian Orr as a character witness. Witness placed under oath. |
| 3:26 p.m. | AUSA Heather Rattan cross examination of Rhidian Orr. |
| 3:31 p.m. | Defendant's counsel, Gaylon Riddels calls Judge John Amos Longoria. Witness placed under oath. |
| 3:39 p.m. | AUSA Jay Combs cross examination of Judge John Amos Longoria. |
| 3:45 p.m. | Defendant's counsel, Gaylon Riddels calls Cara Jones. Witness placed under oath. |
| 3:51 p.m. | Defendant's counsel, Gaylon Riddels calls Cainan James Balagia. Witness placed under oath. |
| 4:00 p.m. | AUSA Heather Rattan cross examination of Cainan James Balagia. |
| 4:02 p.m. | Canan James Balagia continues with statement. |
| 4:05 p.m. | Defendant's counsel, Gaylon Riddels calls Cookie Balagia. Witness placed under oath. |
| 4:13 p.m. | Court calls upon counsel, Gaylon Riddels to hear what Defendant's counsel thinks that the Defendant should receive. |
| 4:23 p.m. | Court hears response from AUSA Heather Rattan. |
| 4:29 p.m. | Defendant allocuted. |
| 4:43 p.m. | Court recess for 5 minutes. |

| | |
|---|---|
| 5:06 p.m. | Court grants a variance based on not a threat to society, how it is viewed in the public so needs to be a serious sentence, loss of law license, income, age, lack of criminal history, good works you have done and community ties and responsibilities, unwanted sentencing disparities in looking at what Mr. Morgan got to correspond to a sentencing 151-188. Sentence imposed for a total term of 188 months imprisonment. The term consists of 188 months on each of Counts 1, 3, and 4; a term of 120 months on Count 2; and a term of 60 months on Count 5 of the Fourth Superseding Indictment, all to be served concurrently. Fine waived, special assessment of $500. Supervised release for a term of 3 years. This term consists of terms of 3 years on each of Counts 1 through 5, all such terms to run concurrently. |
| 5:15 p.m. | Court will recommend the Defendant be designated to a BOP in Bastrop, Texas, if appropriate. |
| 5:15 p.m. | Court addresses the forfeiture issue and hearing from AUSA Robert Wells. Government moves for final order of forfeiture that adopts the same assets covered in the preliminary order of forfeiture. Procedurally no objection.  Court will incorporate that as part of the judgment. |
| 5:16 p.m. | Rights of appeal addressed. |
| 5:17 p.m. | Defendant remanded to custody of USM. |

**DAVID O'TOOLE, CLERK**

BY: *Keary Conrad*

Courtroom Deputy Clerk